567 P.2d 1208

**Patricia Ann SALZMAN, and Melvin W. Salzman, Sr., her husband, Appellants,**

v.

**Benjamin O. MORENTIN, M.D., Appellee.**

**No. 2 CA–CIV 2377.**

Court of Appeals of Arizona, Division 2.

May 12, 1977.

Rehearing Denied June 30, 1977.

Review Denied July 19, 1977.

Rees & Mercaldo, P. C. by Paul G. Rees, Jr., Tucson, for appellants.

Lesher, Kimble, Rucker & Lindamood, P. C. by Robert O. Lesher, Tucson, for appellee.

OPINION

HOWARD, Chief Judge.

The issue in this case is whether Rule 6(a), Rules of Civil Procedure, is applicable to a statute of limitations.

Appellants filed a malpractice action against the appellee. Under the applicable statute of limitations, A.R.S. § 12–542(1), the last day for filing the action fell on Saturday. The suit was not filed until the following Monday. The trial court ruled that the action was barred and granted summary judgment to appellee. We reverse.

A.R.S. § 12–542(1) provides that an action for personal injuries shall be commenced ". . . within two years after the cause of action accrues, and not afterward . . . ."

Appellee's argument rests upon two Arizona statutes, A.R.S. § 1–243 and § 1–301(A). The former states that the time in which an act is required to be done is computed by excluding the first day and including the last day, unless the last day is a holiday, in which case it is also excluded. The latter statute does not include Saturday as a holiday. Appellee therefore concludes that Saturday was the last day for filing the complaint.

Appellants contend that the time was extended by Rule 6(a), Rules of Civil Procedure, which provides:

"In computing any period of time prescribed or allowed by these rules, by any local rules, by order of court, *or by any applicable statute,* the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is

a *Saturday*, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. . ." (Emphasis added)

Arizona's Rule 6(a) is, except for immaterial differences, the same as Rule 6(a) Federal Rules of Civil Procedure. In the federal courts there are two views on the applicability of Rule 6(a) to statutes of limitation. The minority view is that Rule 6, being procedural, cannot extend a substantive limitation period.[1] Support for the view that the federal rule was not intended to be applicable to statutes of limitation is found in the dictum of Judge Clark in *Joint Council Dining Car Employees Local 370 v. Delaware, L. & W. R. Co.*, 157 F.2d 417 (2nd Cir. 1946):

"Rule 6(a) is a rule of procedure relating to acts done or proceedings had after the commencement of action and to any statutes expressly applicable to such proceedings. It is not intended to modify and change existing statutes of limitation." 157 F.2d at 420.

Judge Clark's reasoning is criticized in Wright & Miller, Federal Practice and Procedure, Vol. 4, p. 612:

"The thrust of this argument is that the computation provision in Rule 6(a) applies only to the measurement of time periods pertaining to facets of previously commenced litigation and have no relevance to the computation of the timeliness of the commencement itself. The argument seems somewhat metaphysical and, even if accepted, leaves open the question whether Rule 6(a) should not be drawn upon by the federal courts as a guideline for measuring federal limitations periods."

The majority rule and the better rule is that Rule 6 may apply to a statute of limitations. Wright & Miller, Federal Practice and Procedure, § 1163. Those cases following the majority rule seem to base their conclusion on the premise that Rule 6 expresses the liberal spirit of the federal rules and their quest to avoid "setting traps for the unwary" and that this spirit should be employed in construing statutes of limitation. State courts, when faced with the same situation, have followed the majority federal rule. See, *Romaine v. State Farm Mutual Automobile Insurance Co.*, 87 Nev. 257, 485 P.2d 102 (1971); *Brown v. Porter*, supra.[2]

However, in none of the foregoing cases was there involved a statute similar to our A.R.S. § 1–243 which states how time shall be computed. The question then is—which governs, the statute or Rule 6(a) of the Rules of Civil Procedure? Art. 6, § 5 of the Arizona Constitution gives exclusive power to the Supreme Court to make rules relative to all procedural matters in any court. A.R.S. § 1–243 is a procedural statute and insofar as it purports to govern procedure in the courts has been superseded by Rule 6(a) of the Rules of Civil Procedure. The application of Rule 6(a) here does not result in the modification of the prescribed statutory period. It is merely a judicial interpretation of how an action is to be brought after the legislature has specified "what" actions may be brought. *Romaine v. State Farm Mutual Automobile Insurance Co.*, supra.

The judgment is reversed and the case is remanded for further proceedings.

HATHAWAY and WREN, JJ., concur.

---

1. The court in *Brown v. Porter*, 13 Mich.App. 6, 163 N.W.2d 709 (1968) notes that the gap is narrowing towards the liberal or majority rule.

2. See also *Bellegarde Custom Kitchens v. Leavitt*, 295 A.2d 909 (Me.1972) wherein the majority rule is cited with favor.