583 P.2d 906

Joseph D. BEDARD, a qualified elector of Pima County, Appellant,

v.

Luis A. GONZALES, the Secretary of State for the State of Arizona, and the Pima County Board of Supervisors, Appellees.

Joseph D. BEDARD, a qualified elector of Pima County, Appellant,

v.

Roy E. WOODS, the Secretary of State for the State of Arizona, and the Pima County Board of Supervisors, Appellees.

Nos. 13871, 13875.

Supreme Court of Arizona, In Division.

Aug. 3, 1978.

Bilby, Shoenhair, Warnock & Dolph by Barry M. Davis, Tucson, for appellant.

Risner, Raven & Collins by William J. Risner, Tucson, for appellee Gonzales.

Stompoly & Even by Scott J. Loomis, John Patrick Lyons, Tucson, for appellee Woods.

John A. LaSota, Jr., Atty. Gen. by Bradford C. Detrick, Sp. Asst. Atty. Gen., Tucson, for appellees Secretary of State and Pima County Board of Supervisors.

HOLOHAN, Justice.

The appellant, Joseph D. Bedard, filed separate actions against appellees, Luis Armando Gonzales and Roy E. Woods, challenging the sufficiency of their nomination petitions to run for state senator in District 10. The appellees moved to dismiss the action on the grounds that it was not timely filed. The trial court granted the motions and dismissed the action. This appeal followed.

The appeal was heard and an order entered affirming the ruling of the trial court, with an opinion to follow. We have consolidated the appeals for purposes of decision.

The issue presented by this appeal is whether the five-day time period provided for bringing an action under A.R.S. § 16–306 excludes an intervening Saturday and Sunday.

The last day for filing nomination petitions for the primary election was July 14, 1978. Appellees Gonzales and Woods filed their petitions on the last day. Appellant filed his action challenging the nomination petitions on July 21, 1978.

A.R.S. § 16–306(A) provides in part:

"Any elector filing any court action challenging the nomination petitions provided for in this article shall do so within five days after the last day for filing nomination papers and petitions."

The appellant contends that Rule 6(a), Rules of Civil Procedure, 16 A.R.S., must be read in conjunction with the statute. The

material part of Rule 6(a) provides: "When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."

In *Board of Supervisors v. Superior Court*, 103 Ariz. 502, 446 P.2d 231 (1968), this court pointed out that the time elements in the election statutes were to be construed strictly. The necessity for this position is apparent when the various time schedules for filing nomination petitions, preparation of ballots, and absentee voting are considered. *See* A.R.S. §§ 16–301A; 16–531, 16–1102. Considering the statutory time schedules, we believe that the legislature intended the five-day limit for challenging nomination petitions to mean five calendar days.* We hold that Rule 6(a) has no application to the time requirements of A.R.S. § 16–306.

Since appellant filed his actions seven days after the last day for filing nomination papers and petitions, the action was not timely. The decision of the trial court to dismiss the actions was proper.

Affirmed.

HAYS, J., and DONALD F. FROEB, Court of Appeals Judge, concur.

Note: Judge DONALD F. FROEB, Judge of the Court of Appeals, Division One, was called to sit in this case.

---

* In *Blaine v. McSpadden*, 111 Ariz. 147, 526 P.2d 390 (1974), this court decided the issues on the merits. A reading of the facts presented in the opinion suggest that the action was not timely filed. Since the issue of jurisdiction was never raised nor discussed, the cited case is not authority contrary to our decision in the present case.