700 P.2d 1384

**In the Matter of the Appeal in PIMA COUNTY MENTAL HEALTH MATTER NO. MH 863-4-83.**

No. 2 CA-CIV 5103.

Court of Appeals of Arizona, Division 2, Department B.

April 11, 1985.

Stephen D. Neely, Pima Co. Atty. by Thomas E. Dugal, Tucson, for appellee.

Frederic J. Dardis, Pima County Public Defender by Katherine Markoulis, Tucson, for appellant.

OPINION

LIVERMORE, Judge.

A.R.S. § 36-535(B) requires that a hearing on a petition for court-ordered treatment of one allegedly mentally ill must be held within six days of the filing of the petition. The issue in this case is whether that time is computed under Rule 6(a), Rules of Civil Procedure, 16 A.R.S., by excluding Saturdays, Sundays, and holidays. We hold that it is and affirm.

Rule 1, Rules of Civil Procedure, 16 A.R.S., makes those rules applicable to all civil actions in superior court. An action to commit one for mental health treatment is a civil action. Rule 6(a) is, therefore, applicable to the six-day time limit for hearing contained in A.R.S. § 36-535(B). See *Salzman v. Morentin*, 116 Ariz. 79, 567 P.2d 1208 (App.1977). Appellant seeks to avoid this by pointing out that some time provisions of the mental health laws, by their terms, exclude weekends and holidays. See, e.g., A.R.S. §§ 36-519(B), 527(A), 531(D). Appellant then argues that having excluded weekends and holidays in these instances, the legislature impliedly intended not to exclude them in other instances. We need not reach the question whether by implication the legislature can repeal applicable rules of procedure in particular actions. See Arizona Const., Art. 6, § 5(5). It is clear that no such repeal can be implied in the Mental Health Services Act. The exclusions of weekends and holidays in that act relate to time limits imposed on hospitals; they do not relate to court proceedings. There can be no implication of modification of well-established rules of procedure from legislative action directed at conduct not governed by those rules.

The judgment is affirmed.

HATHAWAY, P.J., and LACAGNINA, J., concur.