716 P.2d 439

**UNITED FARM WORKERS OF AMER-ICA, AFL–CIO, a labor organization, Plaintiff/Appellant,**

v.

**ARIZONA AGRICULTURAL EMPLOY-MENT RELATIONS BOARD, Admiral Packing Company, El Comite De Tra-bajadores De La Compania Admiral and Campesinos Independientes, De-fendants/Appellees.**

**No. 2 CA–CIV 5566.**

Court of Appeals of Arizona, Division 2, Department A.

March 13, 1986.
As Corrected March 19, 1986.

Treon, Warnicke & Roush, P.A. by Stanley Lubin, Phoenix, Lyons, Eggers, Garcia, Gottlieb & Sones by Ellen J. Eggers, Keene, Cal., for plaintiff/appellant.

Loretta Jacobs-Schwartz, Phoenix, for appellee Agr. Employment Relations Bd.

Westover, Choules & Shadle, P.C. by A. James Clark, Yuma, for appellee Admiral Packing Co.

Tom C. Cole, Yuma, for El Comite de Trabajadores De La Campania Admiral.

## OPINION

HATHAWAY, Chief Judge.

Appellant, United Farm Workers of America AFL–CIO (UFW), contests the dismissal as untimely of its complaint seeking review of the November 8, 1982, decision of the Agricultural Employment Relations Board (AERB). The UFW also contests the granting of summary judgment in favor of the AERB and Admiral Packing Company (Admiral) as to the UFW's petition to review the AERB's November 15, 1982, decision. We hold that the complaint seeking review of the November 8, decision was untimely and therefore affirm the dismissal of that complaint. We affirm the granting of summary judgment on the petition to review the November 15, decision as to Admiral but reverse and remand as to the AERB.

The Labor Management Relations Act (LMRA), 29 U.S.C.A. §§ 141–187, specifically excludes agricultural laborers from its coverage. 29 U.S.C.A. § 152(3). Many states, including Arizona and California, have, nevertheless, afforded agricultural workers organizational and collective bargaining rights similar to those provided in the LMRA. See A.R.S. §§ 23–1381—23–1395 (1983); Cal. Labor Code, § 1152 (West.1971). Therefore, the certification of an organization as exclusive bargaining representative for agricultural employees must be accomplished, if at all, pursuant to state law.

In 1975, the California Agricultural Labor Relations Board (CALRB) conducted a representation election among the agricultural employees of Admiral. Pursuant to that election, the UFW was certified as the exclusive bargaining representative of Admiral's employees. As a result of the CALRB certification, Admiral and the UFW entered into a series of collective bargaining agreements, the last of which was due to expire on August 31, 1982. It is disputed whether these agreements were intended to encompass workers in Arizona. Up until the spring of 1982, the only work performed by Admiral in Arizona took place in Poston during the fall months. In March 1982, Admiral began to harvest lettuce in Marana, Arizona.

On or about April 14 or 15, 1982, Admiral received a petition from El Comite De Trabajadores De La Campania Admiral (El Comite), seeking recognition of El Comite as the exclusive bargaining agent for Admiral's Arizona agricultural employees. At about the same time, the UFW and the Campesinos Independientes (CI), another labor organization, also demanded recognition as exclusive bargaining agent. On

April 16, 1982, Admiral, pursuant to A.R.S. § 23–1389(C)(2), filed a petition for election.

On April 27, pursuant to A.R.S. § 23–1389(C), (D) and (E), and A.A.R.R. R4–2–18, R4–2–19 and R4–2–22, the AERB held a hearing to determine whether a question of representation existed. At the hearing, the UFW presented no witnesses but claimed it was party to an existing and overriding contract already governing Admiral's agricultural workers. A representative of Admiral testified that Admiral was at "peak" employment with approximately 88 employees and that 38 had signed El Comite's petition. The hearing officer ruled that a question of representation did exist and ordered an election for April 30, 1982. El Comite won the election unanimously.

On May 14, 1982, the UFW appealed the hearing officer's decision on the basis of the existing Admiral/UFW contract, raising the doctrine commonly known as "contract bar." The UFW also raised an issue as to whether the work force was at "peak." On July 2, the AERB executive secretary dismissed the "contract bar" claim on substantive grounds. The UFW filed a timely appeal, and following the hearing on November 3, 1982, the AERB affirmed the executive secretary's decision on procedural grounds, ruling that the UFW had failed to properly present the "contract bar" issue at the pre-election hearing and was precluded from raising that issue at the post-election hearing without having first invoked the procedures of A.A.R.R. R4–2–22(G). The UFW contends that past AERB procedures indicated that, while it was technically proper to bring up issues such as "contract bar" at the pre-election hearing, the past policy required that any issue except a showing of interest was to be brought up only at the post-election hearing. Thus it is argued that the AERB changed its posture. On November 8, 1982, pursuant to A.R.S. § 23–1389 the AERB certified El Comite as the exclusive bargaining agent for Admiral's workers. On November 15, the AERB dismissed the UFW's appeal of the executive secretary's order dismissing the "contract bar" issue.

On December 21, 1982, pursuant to A.R.S. § 12–904, the UFW filed in superior court for judicial review of the above two AERB decisions. On May 6, 1983, the trial court granted appellees' motion to dismiss the appeal from the November 8, 1982, order on the ground that the appeal was untimely. Admiral then filed a motion for summary judgment in the appeal from the November 15, 1982, order. The UFW failed to respond and on August 8, 1983, the motion was granted. On August 16, 1983, the AERB filed a similar motion, adopting Admiral's arguments. The UFW responded and filed a motion to set aside the August 8, 1983, judgment. On November 8, the trial court granted the AERB's motion for summary judgment and denied the motion to set aside judgment. This appeal followed. The UFW moved that the record be supplemented on appeal. This motion was also denied by the trial court.

Appellant raises four issues on appeal: (1) the superior court erred in refusing to supplement the record on appeal with a complete administrative record, as required by A.R.S. § 12–909(A); (2) the AERB abused its discretion in dismissing the "contract bar" objection on procedural grounds, and the superior court's affirmance of that dismissal was error; (3) the superior court abused its discretion and committed reversible error when it dismissed the UFW's appeal from the November 8 certification order for untimeliness; (4) the AERB certification order was clearly erroneous, since the UFW's "peak" objection is still awaiting a board ruling.

## I.  WAS THE APPEAL FROM THE NOVEMBER 8 AERB DECISION TIMELY?

Arizona's Administrative Review Act, A.R.S. § 12–901—12–914, sets forth the time limit for filing a complaint for judicial review of an administrative agency decision. Section 12–904 states:

"An action to review a final administrative decision shall be commenced by filing a complaint within thirty five days from the date when a copy of the decision sought to be reviewed is *served*

upon the party affected." (Emphasis added)

Section 12–904 goes on to state that the method of service must be by personal service or by registered mail, unless the underlying statute or regulations prescribe an alternate method. Neither the Agricultural Employment Relations Act (Act) nor the regulations arising out of that act prescribe a method of service. It is conceded that the UFW was served by ordinary mail and not by registered mail or personal service. Therefore, the UFW was improperly served. The UFW acknowledges, however, that it did receive the AERB's decision by November 12, 1982. We therefore hold that the UFW was served within the meaning of § 12–904 on November 12. Counting 35 days from that date, the time for commencing judicial review ran on December 17, 1982. On the basis of § 12–904 alone, this appeal would be untimely. Rule 6(e) of the Rules of Civil Procedure, 16 A.R.S., provides, however:

> "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, five days shall be added to the prescribed period."

If five days are added to appellant's time to appeal, the December 21, 1982, filing was timely. The issue is, therefore, whether Rule 6(e) applies to an appeal from an administrative decision, in particular an administrative appeal under A.R.S. § 12–904. This is a question of first impression in Arizona. Federal courts, however, have addressed the issue under Rule 6(e), Federal Rules of Civil Procedure, 28 U.S.C.A., which is identical to the Arizona rule, except that it provides a three-day time extension instead of a five-day extension. Wright and Miller, Federal Practice and Procedure, § 1171 (1969) states:

> "As a general rule, the service-by-mail extension provided in Rule 6(e) applies only to civil actions. Thus, the rule has been held not to extend the time permitted for obtaining review of administra-

tive decisions when the decision has been mailed...." § 1171 at p. 647.

The rationale underlying the above rule is that the time element for administrative review is jurisdictional and Rule 82, Federal Rules of Civil Procedure, 28 U.S.C.A., prohibits courts from using the rules of procedure to expand jurisdiction. *Carr v. Veterans Administration,* 522 F.2d 1355 (5th Cir.1975); *Whipp v. Weinberger,* 505 F.2d 800 (6th Cir.1974); *Davidson v. Secretary of Health, Education and Welfare,* 53 F.R.D. 270 (D.C.N.D.Okla.1971). Arizona has an identical rule, Rule 82. Additionally, Arizona holds that the time limit prescribed for administrative appeal, including appeals under A.R.S. § 12–904 is jurisdictional. *Hurst v. Bisbee Unified School District No. Two,* 125 Ariz. 72, 607 P.2d 391 (App.1979); *Arizona Department of Economic Security v. Holland,* 120 Ariz. 371, 586 P.2d 216 (App.1978). Therefore, Rule 6(e) cannot apply to an appeal under § 12–904. Any implication to the contrary in *Smith v. Arizona Department of Corrections,* 135 Ariz. 160, 659 P.2d 1305 (App. 1982), is hereby clarified. The trial court was correct in dismissing the appeal from the November 8 decision of the AERB.

## II. WAS SUMMARY JUDGMENT PROPERLY ENTERED ON THE NOVEMBER 15 CLAIM?

The trial court granted summary judgment in favor of both Admiral and the AERB in the appeal from the November 15, AERB decision. Admiral filed a motion for summary judgment on July 5, 1983. Appellant never responded to that motion, and the trial court subsequently granted the motion on August 8, 1983. Admiral presented four arguments in its motion: (1) the Act does not provide for contract bar in representation elections; (2) the contract referred to by the UFW was not entered into pursuant to the Act; (3) the Ninth Circuit Court of Appeals in *United Farm Workers of America, AFL–CIO v. Arizona Agricultural Employment Relations Board,* 669 F.2d 1249 (9th Cir.1982), specifically sanctioned the election even if the

contract bar question had been properly presented by the UFW below, and (4) the UFW never properly raised the contract bar issue during the proceedings even if it were a valid objection.

■ The second and fourth arguments presented by Admiral raise factual issues. UFW did not respond to the motion for summary judgment, and the trial court properly concluded that the facts alleged by Admiral were true, nothing appearing in the record to the contrary. This supports summary judgment despite the AERB's failure to properly forward the administrative record. By failing to respond, the UFW implicitly accepted the state of the record as it was and the granting of summary judgment by the trial court was a proper exercise of its discretion. The trial court also acted within its discretion in denying the UFW's later motion under Rule 60(c), Rules of Civil Procedure, 16 A.R.S. Although the UFW gave excuses for not responding, the granting of relief from a judgment pursuant to Rule 60(c) is within the sound discretion of the trial court and it is not to be reversed absent a clear abuse. *Staffco, Inc. v. Maricopa Trading Company*, 122 Ariz. 353, 595 P.2d 31 (1979). No clear abuse of discretion has been shown.

■ The AERB also filed a motion for summary judgment on August 19, 1983, adopting the same arguments asserted by Admiral. This time, however, the UFW filed a response, which does present an issue of material fact. The UFW claims, through transcripts of past hearings that the policy of the AERB is to foreclose the "contract bar" issue until the post-election hearing. If the UFW is able to establish that this is the policy of the AERB, see A.R.S. §§ 41–1001, 42–1002; *Grove v. Arizona Criminal Intelligence System Agency (ACISA)*, 143 Ariz. 166, 692 P.2d 1015 (App.1984); *Anderson v. State*, 135 Ariz. 578, 663 P.2d 570 (App.1982), it would be inequitable to permit the AERB to suddenly change its policy and deny the UFW the rights to raise "contract bar" in this post-election hearing. We note that generally

estoppel is not permitted against the sovereign. That rule has, however, been relaxed in Arizona if "it would appear that where the application of estoppel will not affect the exercise by the state of its governmental powers and sovereignty, or bind it by unauthorized acts of its officers and employees, estoppel will, when justice dictates, be applied to the state." *Freightways, Inc. v. Arizona Corporation Commission*, 129 Ariz. 245, 630 P.2d 541 (1981). Therefore, the UFW will have the twofold burden of establishing both the elements of estoppel and the elements of the exception to the general rule. Additionally, due to the prior AERB ruling, the UFW was not permitted at the post-election hearing to present evidence as to its existing contract. Accordingly, there is not only an issue of material fact pertaining to the issue of whether the AERB is estopped to deny the UFW the right to present the "contract bar" issue at its post-election hearing, there is also a material fact issue concerning the substance and significance of the UFW/Admiral contract and whether that contract was entered into pursuant to the Act.

Moreover, the law governing the issues raised by the AERB does not support the granting of summary judgment:

(A) *"Contract bar."* The AERB argues that the Act does not provide for "contract bar." Both the Act and the LMRA do explicitly call for a 12-month "election bar." "Election bar" is a period in which, after a representation election, another election may not be held. 29 U.S.C.A. § 159(c)(3); A.R.S. § 23–1389(G). The AERB argues that since Arizona statutes specifically authorize "election bar" but make no provision for "contract bar," the latter cannot possibly exist under the Act. The National Labor Relations Board (NLRB), however, has recognized "contract bar," for a maximum three-year period, despite the lack of specific authorization. See *Bob's Big Boy Family Restaurants v. National Labor Relations Board*, 625 F.2d 850 (9th Cir. 1980). It is therefore conceivable that the AERB, in the exercise of its administrative

discretion, would, if facing the issue on the merits, recognize "contract bar." This is not to say that the AERB is required to recognize such a doctrine, only that it may. Therefore, "contract bar" is not prohibited as a matter of law under the Act. Additionally, we do not find that *United Farm Workers v. The Arizona Employment Relations Board,* supra, is a barrier to accepting "contract bar" because the UFW/Admiral contract was not signed in Arizona. While that decision clearly states that the AERB is not bound by decisions of the CALRB, it does not state that the AERB cannot accept as a bar a contract entered into in California. That again is for the AERB to decide. Finally, we conclude that despite some ambiguous language, A.R.S. § 23–1385(F) neither forecloses nor requires "contract bar" in Arizona.

(B) *"Peak."* Due to the untimely appeal from the November 8 decision, we cannot address the UFW's "peak" issue.

■ (C) *Res judicata.* The AERB also argues that the summary judgment in favor of Admiral is res judicata as to its motion for summary judgment. We do not find that doctrine applicable under these circumstances, especially when there is a different defendant. *Sullins v. Third and Catalina Construction Partnership,* 124 Ariz. 114, 602 P.2d 495 (App.1979). A plaintiff is not required to pursue his claim with equal diligence against all possible defendants. See Sullins, supra. We therefore hold that the summary judgment is affirmed as to Admiral and vacated and remanded as to the AERB.

### III. SHOULD THE ADMINISTRATIVE TRANSCRIPTS BE MADE PART OF THE RECORD?

■ The UFW takes exception to the AERB's failure to file portions of the administrative record requested by the UFW as required by A.R.S. § 12–909(A). The statute is mandatory. Therefore, before the trial court can review appellant's claim, it must order the AERB to supplement the record. This situation is unlike *Mendez v. Arizona State Board of Pharmacy,* 129 Ariz. 89, 628 P.2d 972 (App.1981), where part of the administrative record had been destroyed. The court there had to decide whether, in spite of the partial destruction of the record, it had a sufficient record before it to make a decision. In the instant case, the record is available and the statute mandates that the AERB provide the trial court with those requested portions of the record.

Affirmed in part, reversed and remanded in part.

HOWARD, P.J., and FERNANDEZ, J., concur.