859 P.2d 777

**In re the Matter of Nora THIELKING, Plaintiff–Appellant,**

**v.**

**Leonard KIRSCHNER, as Director of the Arizona Health Care Cost Containment System Administration; Arizona Health Care Cost Containment System Administration; Julie Trepeta, as Director, Medical Administration Mercy Care Plan; Mercy Care Plan, Defendants–Appellees.**

**No. 1 CA–CV 90–584.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 7, 1993.

---

Sharon E. Sergent, Glendale, for appellant.

Gammage & Burnham by Richard B. Burnham, Susan L. Watchman, Phoenix, for appellees Trepeta/Mercy Care Plan.

Johnston, Maynard, Grant & Parker by Charles J. Adornetto, Phoenix, for appellees Kirschner/AHCCCS.

## OPINION

FIDEL, Judge.

We hold in this appeal that Rule 6(e), Arizona Rules of Civil Procedure, extends the time for filing a superior court complaint seeking judicial review of an administrative decision when the decision has been served by mail. In doing so, we reconsider and reject the analysis of *United Farm Workers v. Arizona Agricultural Em-*

*ployment Relations Board,* 149 Ariz. 70, 716 P.2d 439 (App.1986).

## I. PROCEDURAL HISTORY

Plaintiff/appellant Nora Thielking (Thielking) received medical care through Mercy Care Plan (Mercy), a health plan within the Arizona Health Care Cost Containment System (AHCCCS). *See* Ariz. Rev.Stat.Ann. ("A.R.S.") §§ 36–2901 to –2975 (1986 & Supp.1992). When Mercy denied Thielking coverage for orthognathic surgery, Thielking sought administrative review. On May 1, 1990, at the conclusion of administrative proceedings, AHCCCS issued a final decision denying coverage. On that same date, AHCCCS mailed its decision by certified mail to Thielking's attorney, who received it on May 3. On June 7, 1990, Thielking filed a complaint in the superior court seeking review of the administrative decision, a trial de novo, injunctive relief, declaratory relief, and a writ of mandate. The defendants moved to dismiss, challenging the timeliness of the complaint and the propriety of joining an administrative review action with the remaining claims for relief. The trial court concluded that, because Thielking did not file a timely complaint, it lacked jurisdiction to review the administrative decision. The court further found that Thielking could not extend the time limit for an administrative appeal by filing claims for special action and declaratory relief.

Arizona's Administrative Review Act, A.R.S. sections 12–901 through –914 (1992), establishes a thirty-five day time limit, measured from the date of service of a final administrative decision, for filing a complaint seeking judicial review of an administrative decision. A.R.S. § 12–904. Thielking concedes that she filed her complaint more than thirty-five days after service of the AHCCCS decision. She also concedes that the time limit for filing an appeal under section 12–904 is jurisdictional, *see Hurst v. Bisbee Unif. Sch. Dist.,* 125 Ariz. 72, 75, 607 P.2d 391, 394 (App.1979), and that, when a party fails to seek timely review, the administrative decision becomes final. *State ex rel. Dandoy v. City of*

*Phoenix,* 133 Ariz. 334, 337, 651 P.2d 862, 865 (App.1982); *see also* A.R.S. § 12–902.B (unless review is sought within time provided by statute, review of the administrative decision is barred). Thielking argues that her filing was timely, however, on the following grounds:

1. that rule 6(e), Arizona Rules of Civil Procedure, expanded her filing time by five days because the administrative decision was served by mail;

2. that time does not run under section 12–904 until service is received;

3. that the agency erred by mailing its decision only to her attorney and not personally to her; and

4. that, independently of her 12–904 appeal, she filed timely claims for declaratory judgment and special action relief.

## II. PRELIMINARY MATTERS

Before examining the interrelationship between Rule 6(e) and A.R.S. section 12–904, the principal issue in this case, we address the other issues Thielking has raised.

### A. *The Claims for Declaratory and Special Action Relief*

■ We first hold that the trial court correctly dismissed those portions of Thielking's complaint seeking declaratory relief and a writ of mandate (special action). A party attempting to correct errors in an appealable administrative decision cannot substitute a declaratory relief action for a timely appeal. *Tanner v. Arizona State Land Dep't,* 142 Ariz. 183, 187, 688 P.2d 1075, 1079 (App.1984); *see also Arizona Bd. of Regents v. Harper,* 108 Ariz. 223, 229, 495 P.2d 453, 459 (1972). Nor can such a party avoid the requirements of timely appeal by seeking relief in the nature of mandamus or special action. *Hurst,* 125 Ariz. at 75, 607 P.2d at 394. The issues that Thielking raises in the declaratory judgment and special action portions of her complaint, she also raises in her appeal; and her entire claim must stand or fall on the timeliness of that appeal.

*B. Time Runs Under 12–904 From Service, Not Receipt*

■ Second, we reject Thielking's argument that her time to file an administrative review proceeding did not begin to run on the date the agency served its final decision but rather on the date she received it.

Section 12–904, which we set forth in its entirety below, expressly requires that a party file such a proceeding "within thirty-five days from the date when a copy of the decision sought to be reviewed is served upon the party affected." The statute further provides that, if the administrative agency does not establish a different method of service, the decision is "deemed to have been served when personally delivered *or mailed by registered mail.*" (emphasis added). The agency in this case has not established a different method of service. Rather, AHCCCS regulation A.A.C. R9–22–802(E)(1) tracks section 12–904 by directing that the final written decision be personally delivered or mailed by certified mail to all parties.[1] Accordingly, this issue is resolved by section 12–904's provision that a decision is "deemed to have been served" when mailed. Because the AHCCCS director's decision is deemed served on the date a copy was mailed by certified mail, Thielking's time to seek review began running on that date.

*C. Service on Thielking's Lawyer*

■ We also reject Thielking's argument that the time for filing her administrative appeal did not start running when her attorney was mailed the decision because Thielking should have been personally served.

In October 1989, Thielking's lawyer entered her appearance in the AHCCCS proceedings and requested in writing that all future notices be sent to her. AHCCCS sent all future notices to that attorney, not to Thielking personally, and there is no indication in the record that Thielking ever objected.

Moreover, Rule 5(c)(1), Arizona Rules of Civil Procedure, provides, "Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court." The rules of civil procedure apply to proceedings in Article 6 of Title 12, Chapter 7 (judicial review of administrative decisions), unless a provision in that article conflicts with a rule. See A.R.S. § 12–914. Because section 12–904 does not preclude service on a party's attorney as a means of satisfying the requirement of service on a party, the statute does not conflict with Rule 5(c), and the administrative agency could properly follow the rule.

For these reasons, service on Thielking's attorney was proper and did not delay the running of the thirty-five day period for filing a complaint for judicial review.

## III. THE INTERRELATIONSHIP OF RULE 6(e) AND § 12–904

Thielking argues that because AHCCCS mailed her its decision, Rule 6(e) of the Arizona Rules of Civil Procedure ("Rule 6(e)") adds five mailing days to the period for filing her appeal. If she is correct, her appeal is timely; if she is incorrect, it is not.

This is not an issue of first impression. In *United Farm Workers of Am., AFL–CIO v. Arizona Agric. Employment Relations Bd. ("UFW")*, 149 Ariz. 70, 716 P.2d 439 (App.1986), Division Two of this court considered and rejected the same argument that Thielking advances now. We do not reject a decision by our colleagues lightly. *See, e.g., Scappaticci v. Southwest Sav. & Loan Ass'n*, 135 Ariz. 456, 461, 662 P.2d 131, 136 (1983). However, for the reasons that follow, we are persuaded that the *UFW* decision is wrong.

*A. The Rule and Statute Are Complementary, Not Inconsistent*

■ Rule 6(e) has accustomed generations of Arizona lawyers to expand the

---

**1.** Pursuant to A.R.S. § 1–215(29) (1989), regis-    tered mail includes certified mail.

prescribed response time to a document served by mail. It provides:

> **Additional time after service by mail.** Whenever a party has the right or is required to take some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, five days shall be added to the prescribed period. This rule has no application to the mailing of notice of entry of judgment required by Rule 77(g).[2]

The Rule—whose last sentence states a single exception not applicable here—governs civil proceedings in the superior court. Because administrative appeals such as appellant's are civil proceedings in the superior court, to be filed within a prescribed period after service of a decision serveable by mail, they fall within the sweep of Rule 6(e).

The *UFW* decision reads A.R.S. section 12–904 to bar application of Rule 6(e). Specifically, it reads the thirty-five day appeal time of the statute as jurisdictionally insusceptible to expansion by a time-expanding rule. 149 Ariz. at 73, 716 P.2d at 442. Our disagreement with that decision begins with the text of 12–904:

> **Commencement of action.** An action to review a final administrative decision shall be commenced by filing a complaint within thirty-five days from the date when a copy of the decision sought to be reviewed is served upon the party affected. The method of service of the decision shall be as provided by law governing procedure before the administrative agency, or by a rule or regulation of the agency made pursuant to law, but if no method is provided a decision shall be deemed to have been served when personally delivered or mailed by registered mail to the party affected at his last known residence or place of business.

The statute, significantly, is silent on the central issue of this case. Although it establishes a thirty-five day filing period, counted from date of service, and expressly permits mailing as one mode of service, the statute neither permits nor precludes expanding this period when service is by mail. However one chooses to construe the statute's silence on this subject, *some* interpretation is required. *See, e.g., Frey v. Woodard*, 748 F.2d 173, 175 (3d Cir.1984) (recognizing the court's responsibility to interpret a similarly silent jurisdictional statute to determine its susceptibility to a time-expanding rule of court).

A step toward interpreting the statute is to consider the conventions of time counting when the statute became law. In 1954, when section 12–904 was enacted, Rule 6(e) had already been law for fifteen years.[3] The legislature, when defining the filing period of 12–904, might have precluded application of the rule by choosing a different trigger point than service. It might, for example, have counted time from *filing* of the agency decision, rather than service. *See* A.R.S. § 23–672(F) (Supp.1992) (allowing thirty days from filing of Unemployment Insurance Appeals Board decision to petition for administrative review). Alternatively, it might have specified that time be counted from the date of *mailing*. *See* A.R.S. § 23–943(H) (1983) (allowing thirty days from mailing of final Industrial Commission decision to file petition for judicial review); A.R.S. § 41–1993(B) (1992) (allowing thirty days from mailing of final Unemployment Insurance Appeals Board decision to apply for judicial review). Had the legislature chosen either of these options, Rule 6(e) would not have come in play. *See, e.g.,*

---

2. Rule 6(e) was originally adopted as Rule 6(d) in 1939 and codified by the legislature as section 21–329, Ariz.Code of 1939 (1940). The 1939 rule was identical to the first sentence of present Rule 6(e), except that it provided only an additional *three* days to act after service by mail. This grace period was expanded to five days in 1976. The last sentence was added in the same year. *See* 16 A.R.S. Rules of Civ.Proc., Rule 6(e) (amended July 23, 1976, effective Oct. 1, 1976).

3. What is now section 12–904 was originally adopted as section 4–905, Ariz.Code of 1939 (Supp.1954). *See* Laws 1954, ch. 101, § 5. The earlier version of the statute was substantively identical to the present, though there have been minor revisions in syntax. Note 2, *supra,* gives the history of Rule 6(e), which was originally adopted in 1939.

*Baker Int'l Assoc., Inc. v. Shanwick Int'l Corp.*, 851 P.2d 1379, 1382–83 (App.1993) (holding Rule 6(e) inapplicable to computation of a prescribed period after filing); *see also Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir.1975) (Rule 6(e) applies only to periods counted from date of service, not to those expressly counted from date of mailing); *accord Smith v. Arizona Dep't of Corrections*, 135 Ariz. 160, 162, 659 P.2d 1305, 1307 (App.1982). By running the filing period of 12–904 from the date of service, however, the legislature invited the legal community's expectation that time would be counted as specified in the long-established rule.

The *UFW* court did not examine the statute in this historical context. Nor did it consider the legislature's repeated indications that it means to accommodate, not displace, supreme court rulemaking for administrative appeals. A.R.S. section 12–903, a companion statute to 12–904, permits the supreme court to "make rules of pleading, practice and procedure supplementary to but not inconsistent with the provisions of this article ... for the purpose of making this article effective for the convenient administration of justice...." A.R.S. section 12–914 provides that, "[w]here applicable, the rules of civil procedure in the superior courts ... shall apply to all proceedings except as otherwise provided in this article." Both sections had essentially identical counterparts in the 1954 enactment. *See* Ariz.Code of 1939 §§ 4–904, 4–915 (Supp.1954) [Laws 1954, ch. 101, §§ 4, 15 (original version of 12–903 and 12–914 respectively) ].[4] Thus, the legislature has relied on judicial rulemaking from the outset to adapt the statute to the needs of "the convenient administration of justice."

Sections 12–903 and –914, of course, accommodate only consistent rulemaking; the essential question therefore remains whether Rule 6(e) may be applied consistently with section 12–904. To answer this question requires inquiry into the purpose of the statute and the rule. As we stated in *State ex rel. McDougall v. Superior Court*, 173 Ariz. 385, 386, 843 P.2d 1277, 1278 (App.1992):

> Our rules of procedure and statutes should be harmonized wherever possible and read in conjunction with each other. In some cases statutes are tempered by the requirements of omnibus rules. In other cases a specific statutory requirement takes precedence. To harmonize a rule and statute, a court should consider the purpose each is meant to serve.

(citations omitted).

The purposes of 12–904 are evident. By limiting the time for filing administrative appeals, the statute gives finality to the administrative process. By permitting postal service to a last-known address, the statute prevents a claimant from frustrating finality by moving without a forwarding address.

Neither of these purposes clashes with Rule 6(e). Although the statute permits personal service *or* service by mail, a claimant served by mail has less time to respond than one served personally. Rule 6(e), by adding a short, finite extension for those served by mail, accommodates this difference without sacrificing finality. As Wright and Miller explain the federal counterpart to Rule 6(e), the extension

> clearly is intended to protect parties who are served notice by mail from suffering a systematic diminution of their time to respond ...; the additional three days ... represent a reasonable transmission time, and a fair compromise between the harshness of measuring strictly from the date of mailing and the indefiniteness of attempting to measure from the date of receipt, which in many cases would be unverifiable.

4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1171 at

---

4. The close linkage between service under the administrative review act and service under the civil rules is additionally shown in A.R.S. section 12–906, which provides that the summons and complaint in administrative review proceedings "shall be served *as in civil actions and* *as provided by the rules of civil procedure,* upon the agency at its principal office and upon all other defendants." (emphasis added). Section 12–906 is identical to its counterpart in the 1954 statute. *See* Ariz.Code of 1939 § 4–907 (Supp. 1954) [Laws 1954, ch. 101, § 7].

514–15 (1987) (footnotes omitted); *see also Carr*, 522 F.2d at 1357 (the purpose of the rule is "to equalize the time for action available to parties served by mail"). This equalizing purpose conflicts with section 12–904 only if that statute is read to *favor* the "systematic diminution of [response] time" for persons served by mail. Absent such a reading, the rule and statute combine to permit an equitable finality, and there is no good reason not to harmonize the two.

### B. Rule 82 Is Not·Determinative

■ The *UFW* court did not undertake this process of statutory interpretation. Nor did it make the essential inquiry whether the statute and rule might be harmonized. Instead, it treated as dispositive Rule 82, Arizona Rules of Civil Procedure, which provides:

> These rules [of civil procedure] shall not be construed to extend or limit the jurisdiction of superior courts or venue of actions therein.

Rule 82, however, merely begs the critical jurisdictional question whether section 12–904 and Rule 6(e) are compatible or inconsistent. If the statute and rule are inconsistent, then 6(e) is clearly inapplicable, not only under Rule 82 but under 12–903 as well. *See* A.R.S. § 12–903 (permitting complementary, but precluding inconsistent, rulemaking by the courts). If, however, 12–904 and Rule 6(e) are complementary, the statute, which is silent on the effect of service by mail, should be interpreted to accommodate the older and more specific rule. Because the jurisdictional question therefore turns entirely on the compatibility of the rule and statute, Rule 82 adds nothing to the debate.

This point is illustrated by *Frey v. Woodard*, 748 F.2d 173 (3d Cir.1984). The court there found Rule 6(a) of the Federal Rules of Civil Procedure (excluding Saturdays, Sundays, and legal holidays from computation of last day) applicable when calculating the time bar of 28 U.S.C.A. section 2401(b) (1978 & Supp.1993) (forever barring federal tort claim unless presented in writing to the appropriate agency "within two years after such claim accrues"). 748 F.2d at 175. The second anniversary of accrual of the *Frey* claim had fallen on a Saturday; the claimant had filed notice on the following Monday. The third circuit rejected the government's claim that the district court "had offended Fed.R.Civ.P. 82 [identical to Arizona's Rule 82], by utilizing a rule to expand the jurisdiction of the ... court." *Id.* Instead, the court recognized the jurisdictional question as one requiring interpretation. Because the statute, like 12–904, was silent on the method of time computation, the court concluded that it should be interpreted by reference to the rule. *See id.*

### C. Disparate Treatment of Rules 6(e) and 6(a) ·

■ *Frey* introduces a further reason not to follow *UFW*. The *UFW* approach not only creates conflict between a rule and statute that should be harmonized; it also creates conflict in application between companion Rules 6(e) and 6(a).

Under Arizona's Rule 6(a), as under its federal counterpart considered in *Frey*, when a prescribed period to act would otherwise expire on a Saturday, Sunday, or legal holiday, "the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday." Arizona courts have applied Rule 6(a) to lengthen the filing time otherwise provided by jurisdictional statutes. In *Salzman v. Morentin*, 116 Ariz. 79, 80, 567 P.2d 1208, 1209 (App.1977), we applied Rule 6(a) to the statutory two year limitations period for tort complaints. This limitations period was clearly jurisdictional and, if strictly counted, ended on a Saturday. Yet, as in *Frey*, we found a Monday filing timely, holding that the rule governed how to count the running of the statutorily prescribed time. *Id.* The *Salzman* court explained:

> Rule 6[ (a) ] expresses the liberal spirit of the federal rules and their quest to avoid "setting traps for the unwary" and ... this spirit should be employed in construing statutes of limitation.

*Id.; see also Upton v. Cochise County Bd. of Adjust.*, 121 Ariz. 238, 589 P.2d 481

(App.1979) (applying Rule 6(a) to extend the statutory thirty-day deadline for superior court appeals from Board of Adjustment rulings).[5]

Rules 6(e) and 6(a) are omnibus companions meant to govern time counting in civil proceedings in the superior court. They are broadly written [6] and familiar to most lawyers, and one would expect them to be given a complementary construction. There is no more jurisdictional offense under Rule 6(e) than under Rule 6(a) in holding that the rule governs the running of the statutorily prescribed time. It is equally appropriate when construing Rule 6(e) as when construing Rule 6(a) to heed the *Salzman* court's concern to avoid a construction that might "trap the unwary" into overestimating their available time. *See id.*

Our decision to avoid such a construction is tangentially supported by *State v. Rabun,* 162 Ariz. 261, 782 P.2d 737 (1989), rev. denied, 168 Ariz. 146, 812 P.2d 235 (1991). In that case, our supreme court held that

the criminal counterpart of Rule 6(e), Rule 1.3 of the Arizona Rules of Criminal Procedure, provides an additional five days to file a criminal appeal when a party is notified of the trial court's order by mail. 162 Ariz. at 263, 782 P.2d at 739. In doing so, the supreme court noted the inclusive breadth of Rule 1.3 and expressly declined to give that rule a narrowing construction that might cause counsel to miscount the time available for criminal appeals. *Id.* Because Rule 6(e), with a single exclusion noted in *Rabun,* [7] is likewise a broadly inclusive rule, it is similarly appropriate to avoid a potentially misleading construction here.

## D. CONCLUSION

Although decided seven years ago, *UFW* has attracted no following. It has neither been reviewed by our supreme court nor cited in an opinion by any other appellate court, in this state or elsewhere. We do not believe that *UFW* captures the legisla-

**5.** In *Bedard v. Gonzales,* 120 Ariz. 19, 583 P.2d 906 (1978) the supreme court refused to exclude intermediate weekend days under Rule 6(a) when calculating the five day filing period provided under A.R.S. section 16–306 (1984) for electoral challenges to nominating petitions. *Bedard,* however, is an exception that proves the rule. The court stressed in *Bedard* that the timetable of electoral events was such that "the time elements in the election statutes were to be strictly construed." 120 Ariz. at 20, 583 P.2d at 907. No comparable need for haste affects the thirty-five day period that 12–904 provides for administrative appeals. Rule 6(a) would surely apply to extend the 12–904 deadline if the thirty-fifth day were a Saturday, Sunday, or legal holiday. *Rule 6(e) should similarly apply to extend the filing deadline when service is achieved by mail.*

**6.** It is useful to compare Rules 6(a) and 6(e) with the more restrictive Rule 6(b). Rule 6(b), which permits discretionary judicial expansion of certain time periods, excludes periods set by statute. It applies only "[w]hen by these rules or by a notice given thereunder or by order of the court an act is required ... within a specified time...." 16 A.R.S. Rules Civ.Proc., Rule 6(b). There is no such limitation in Rules 6(a) and 6(e). Rule 6(a) applies to "any period of time prescribed or allowed by these rules, by any local rules, by order of court, or by any applicable statute." Although Rule 6(e) lacks the specificity of 6(a), it is drafted in broadly inclusive terms, applying *"[w]henever* a party

... is required to ... take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served by mail...." (emphasis added). As previously noted, Rule 6(e) contains only one exception stated in its last sentence, and the exception is not for periods prescribed by statute.

**7.** Although no civil appellate issue was presented in *Rabun,* the court observed by way of contrast that Rule 6(e) expressly precludes a five day extension for civil appeals from trial court judgments and appealable orders:

Rule 6(e) ... permits a five-day extension with the additional proviso that the "rule has no application to the mailing of notice of entry of judgment required by Rule 77(g)." Thus the civil rules explicitly make the civil analog (Rule 6(e), Ariz.R.Civ.P.) of Rule 1.3 *inapplicable to a final judgment or appealable order. See* A.R.S. § 12–2101.

*Id.* at 263, 782 P.2d at 739.

By ignoring the limited context of the words "appealable order" in this passage, one might read them at first glance to include administrative agency rulings subject to superior court review. The supreme court, however, carefully limited its reference to appealable orders that constitute judgments under Rule 77(g) and fall within A.R.S. § 12–2101 (1982 & Supp.1992). The only orders that meet these criteria are *superior court* orders appealable to *this* court.

tive intent, as we cannot attribute to the 1954 legislature that enacted 12–904 (then 4–905) and the remainder of the Administrative Review Act an intent to deny litigants served by mail the equalizing benefits of Rule 6(e) (then 6(d)).

The trial judge, of course, was obliged to follow *UFW;* but we owe it only our respectful consideration. And we have concluded, after such consideration, that Arizona law will gain, not lose, by our taking a different path. Specifically, by rejecting the analysis of that case, we can restore consistency to the case law of Rules 6(a) and 6(e). Further, we can remove the potential that currently lies within 6(e) for litigants to be misled in calculating their time to seek review pursuant to section 12–904.

Accordingly, though we affirm the trial court's dismissal of Thielking's declaratory judgment and special action claims, we reverse the dismissal of her administrative appeal and remand for proceedings consistent with this opinion.

CONTRERAS, P.J., and McGREGOR, J., concur.