44 P.3d 174

**STATE of Arizona, Appellant,**

v.

**Alberto Robert CABRERA, Appellee.**

**No. 1 CA–CR 01–0226.**

Court of Appeals of Arizona,
Division 1, Department C.

April 23, 2002.

Richard M. Romley, Maricopa County Attorney By E. Catherine Leisch, Deputy County Attorney, Phoenix, Attorneys for Appellant.

Howard J. Weinstein, Scottsdale, Attorney for Appellee.

## OPINION

EHRLICH, Presiding Judge.

¶ 1 The State appeals the trial court's dismissal of the complaint against Alberto Robert Cabrera, who was charged with two counts of aggravated driving or being in actual physical control of a vehicle while under the influence of intoxicating liquor ("DUI"). The issue is whether Arizona Rule of Civil Procedure ("Rule") 6(a) and Arizona Rule of Criminal Procedure ("Criminal Rule") 1.3 apply to Arizona Revised Statutes ("A.R.S.") § 28–1385 to extend the statutory deadline to the following business day when that deadline otherwise falls on a weekend or a legal holiday. This broaches a question of statutory interpretation, one of law we review *de novo*. *State v. Skiba*, 199 Ariz. 539, 540 ¶ 7, 19 P.3d 1255, 1256 (App.2001). We conclude that the procedural rules do not apply in a case in which administrative proceedings have yet to be initiated at the choice of the individual charged. Accordingly we reverse the judgment and remand for further proceedings.

### FACTS AND PROCEDURAL BACKGROUND

¶ 2 When Cabrera first was arrested for DUI, the officer served him with an order of suspension requiring Cabrera to surrender his driver's license. A.R.S. § 28–1385 (Supp. 1999). The order included a provision stating that the order would serve as a temporary driver's license that would expire fifteen days from the date served unless the Arizona Department of Transportation ("ADOT") received from Cabrera a request for a summary review or hearing by ADOT on the forms provided with the order. *Id.*

¶ 3 Sixteen days later, on Sunday, October 29, Cabrera again was arrested for DUI. He then was charged with aggravated DUI based on the fact that he was driving while intoxicated and his temporary driver's license had expired at midnight October 28, fifteen days after it was served, during which time he had not requested a summary review or a hearing. *See* A.R.S. § 28–1383(A)(1) (aggravated DUI as DUI while driver's license suspended).

¶ 4 Cabrera moved to dismiss the complaint on the basis that, because a license suspension pursuant to A.R.S. § 28–1385 is a civil proceeding, its procedures are regulated by the Arizona Rules of Civil Procedure. Rule 6(a), which governs the computation of time in civil cases, states that the last day of a time period cannot fall on Saturday, Sunday or a legal holiday. The rule adds that, should a deadline fall on a weekend or a legal

holiday, the time is extended to the end of the next day that is not a Saturday, Sunday or legal holiday. Criminal Rule 1.3 is to a similar effect.[1] Because Cabrera's fifteen days ended on a Saturday, he argued that his temporary license did not expire until the following Monday. He thus reasoned that he was not driving with a suspended license when he was arrested the Sunday before.

¶ 5 The trial court agreed with Cabrera and dismissed the charges against him without prejudice. The State appealed.

## DISCUSSION

¶ 6 When a law-enforcement officer makes an arrest for aggravated DUI, A.R.S. § 28–1385 requires that:

C. The officer shall ... serve an order of suspension on the person on behalf of the department. The order of suspension:

1. Is effective fifteen days after the date it is served.

2. Shall require the immediate surrender of any license or permit to drive that is issued by this state and that is in the possession or control of the person.

3. Shall contain information concerning the right to a summary review and hearing, including information concerning the hearing as required by § 28–1321, subsections G and H.

4. Shall be accompanied by printed forms ready to mail to the department that the person may fill out and sign to indicate the person's desire for a hearing.

¶ 7 In turn, A.R.S. § 28–1321(G) provides that a person served with an order of suspension may submit a written request for a hearing. However, if that request is not received within fifteen days of the date the order is served, the order of suspension is final and the person's driver's license is suspended for twelve months. Section 28–1321(H) iterates that the order shall be accompanied by printed forms ready to mail in order to request a hearing and warns that a

request for a hearing will not be accepted unless the person has surrendered his license.

¶ 8 The trial court decided that Rule 6(a) and Criminal Rule 1.3 pertain to A.R.S. § 28–1385, reasoning that both rules govern the computation of time for an "applicable statute." Its premise was that "applicable statute" means any statute that sets time periods within which certain acts need to be performed. Accordingly, it concluded that, because § 28–1385 sets a time within which a review or hearing must be requested, it is a statute to which the rules for time computation apply.

¶ 9 The State argues that there is a distinction between the suspension of Cabrera's license as an automatic statutory consequence of his October 13 DUI arrest and the criminal case arising from his October 29 DUI arrest. It contends that, because Cabrera's license was suspended as the result of a statute mandating suspension and not as the result of a criminal or civil proceeding, the rules of civil and criminal procedure governing time computation do not apply. Therefore, the State concludes, the trial court erred in calculating the fifteen-day period according to the procedural rules and Cabrera's license expired at midnight October 28.

¶ 10 Cabrera responds that, according to the Arizona Constitution, Article 6, Section 5, the Supreme Court has the power to make all rules relative to procedural matters in any court, including rules applicable to proceedings such as those precipitated by operation of A.R.S § 28–1385. He cites Arizona Administrative Code ("A.A.C.") R17–4–906(B), which governs time computation for administrative hearings by the ADOT and generally mirrors the language of Rule 6(a) and Criminal Rule 1.3 in that it states that a deadline shall not fall on a weekend or legal holiday. Cabrera presumably relies upon R17–4–906(B) for the inference that the Supreme Court has, in addition to promulgating rules for time computation in civil and criminal

---

1. Criminal Rule 1.3 governs the computation of time in criminal cases. It states that "[t]he last day of the period so computed shall be included, unless it is a Saturday, Sunday or legal holiday, in which case the period shall run until the end of the next day which is neither a Saturday, Sunday nor a legal holiday."

proceedings, also promulgated time-computation rules for an administrative proceeding like that prescribed in § 28–1385.

¶ 11 As an initial matter, Cabrera's reliance on A.A.C. R17–4–906(B) is misplaced. Subsection A of that rule states that it pertains to "computing any period of time prescribed or allowed by *these rules* .... " (Emphasis added.) Thus, by its own language, R17–4–906 is limited to time computation for the rules of the Administrative Code only. It does not apply to a time period provided by statute.

■ ¶ 12 Additionally, a suspension pursuant to A.R.S. § 28–1385 is not the equivalent of a judicial proceeding. A "proceeding" is generally defined as "any step taken to obtain the interposition or action of a court." 1 Am.Jur.2d *Actions* § 3 (1994). However, the part of § 28–1385 in question, namely subsection C, merely requires that a law-enforcement officer serve an order of suspension. It does not require the intercession of the court; it is not an act performed pursuant to the authority of a tribunal but, rather, a ministerial execution of a statute. While § 28–1385(C)(3) requires that the order of suspension contain information concerning the right to administrative proceedings, whether to institute such a proceeding is a matter of choice for the person served with the order of suspension. The administrative process commences only if and once the driver actually seeks ADOT review or hearing pursuant to A.R.S. § 28–1321(G).

■ ¶ 13 Without question, the Supreme Court has the power to promulgate rules in any proceeding in any court of this state. Driving in Arizona, however, is a privilege, *Benitez v. Dunevant,* 198 Ariz. 90, 96 ¶ 26, 7 P.3d 99, 105 (2000), subject to legislative mandate. *See, e.g.,* A.R.S. § 28–3151(B)(1998)(A person who obtains a driver's license in Arizona is entitled to exercise the privilege to drive as granted by Arizona statutes.). Although it has delegated some of its regulatory authority to the ADOT, the Legislature is in charge of the operation of motor vehicles. *See* A.R.S. § 28–332(B) (The ADOT has control over the licensing of drivers and the registration of motor vehicles.).

■ ¶ 14 In such context, this court's primary purpose is to give effect to the intent of the Legislature, and, to that end, we look first to the plain language of the statute as the best evidence of that intent. *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). The language of the statute before us states that the order of suspension "[i]s effective fifteen days after the date it is served." A.R.S. § 28–1385(C)(1). The aim of this time limit is to remove drunk drivers from the road to enhance public safety.[2] In order to effectuate this purpose, the Legislature wanted and declared that there be a specific time limit. There is no reason to conclude that the Legislature did not intend fifteen days to be fifteen consecutive days, weekends included. Certainly it is within the Legislature's ability and authority to include language to the effect that, should the fifteenth day fall on a weekend or legal holiday, the deadline will be extended to the next business day.[3] Because this language is

---

**2.** When the law was passed, it was supported by the Presidential Commission on Drunk Driving, the National Safety Council, the American Association of Motor Vehicle Administrators, the National Highway Traffic Safety Association, the Governor's Arizona State Alcohol Driving Organization and the Arizona Governor's Office of Highway Safety. *See* Kerry G. Wangberg, *Administrative Driver's License Suspension,* 25 Ariz Art'y 28, 29 (1988). Additionally, the Supreme Court has also noted that the goal of administrative suspension is to remove drunk drivers from the streets. *State v. Mendoza,* 170 Ariz. 184, 190, 823 P.2d 51, 57 (1992)(referring to A.R.S. § 28–694, later A.R.S. § 28–1385).

**3.** The Legislature has provided a means of computing time periods governed by statute. In

A.R.S. § 1–243(A)(1995), "the time in which an act is required to be done shall be computed by excluding the first day and including the last day, unless the last day is a holiday, and then it is also excluded." Section 1–301(A)(1), A.R.S. (Supp. 1999) states that the Sunday of each week is a holiday but does not include Saturdays. Thus, counting from October 13, 2000, the day on which Cabrera was served with the order of suspension, and excluding that day from the computation as required by A.R.S. § 1–243, the deadline for Cabrera to schedule his hearing was Saturday, October 28, which, by statute, is a non-holiday and therefore included in the computation. Cabrera was arrested on Sunday, October 29. By that time, his temporary license had expired the preceding day and his license was officially suspended. Additionally, in other juris-

absent, we see no reason to imply it in our interpretation.[4]

## CONCLUSION

¶ 15 The judgment of the trial court is reversed. The charges against Cabrera may be reinstated. The case is remanded for further proceedings consistent with this opinion.

CONCURRING: DANIEL A. BARKER, Judge and PHILIP HALL, Judge.

dictions in which Saturday has not been made a legal holiday, the usual Saturday closing of state and county offices does not render Saturday a legal holiday so as to extend a time period. 74 AM JUR.2D *Time* § 20 (2001).

4. In a number of Arizona cases, procedural time computation rules have been applied to time periods provided by statute. *See, e.g., Thielking v. Kirschner,* 176 Ariz. 154, 859 P.2d 777 (App.1993)(holding that Rule 6(e) applies to A.R.S. § 12–904 to extend the time for filing a superior court complaint seeking judicial review of an administrative decision when the decision has been served by mail); *Upton v. Cochise County Bd. of Adjustment, Dist. 1,* 121 Ariz. 238, 589 P.2d 481 (App.1979)(applying Rule 6(a) to A.R.S. § 11–807 to extend the thirty-day time period for the appeal of a county board of adjustment decision to the superior court when the thirtieth day fell on a Saturday); *Salzman v. Morentin,* 116 Ariz. 79, 567 P.2d 1208 (App.1977)(applying Rule 6(a) to extend the statute of limitations for filing a personal-injury action when the last day of the statutory period fell on a Saturday). However, in *Bedard v. Gonzales,* 120 Ariz. 19, 583 P.2d 906 (1978), the Supreme Court, relying on *Board of Supervisors v. Superior Court,* 103 Ariz. 502, 446 P.2d 231 (1968), held that Rule 6(a) had no application to the time requirements for challenging the nomination petitions of candidates for elective office. The difference between *Bedard* and the other cases in which the procedural time computation rules were applied to statutory time periods was clarified by the court in *Thielking.* In that opinion, the court explained that *Bedard* was the exception that proves the rule. *Thielking,* 176 Ariz. at 161 n. 5, 859 P.2d at 784 n. 5. The court continued by stating that the timetable of electoral events is such that the time elements in election statutes are to be strictly construed. *Id.* (citing *Bedard,* 120 Ariz. at 20, 583 P.2d at 907). However, the court in *Thielking* concluded that in the other cases in which procedural rules for time computation were applied to statutes, "[n]o comparable need for haste affects" the applicable time periods. *Id.* The situation in the present case is analogous to *Bedard* in that there is a comparable need for haste. Specifically, the fifteen-day deadline is intended to remove drunk drivers from the road as soon as possible to protect public safety. Therefore, as in *Bedard,* the time period in A.R.S. § 28–1385 should be strictly construed.