636 P.2d 1254

**James R. and Mary L. BANTA, dba Arthur Murray Dance Studio, Plaintiffs-Appellants,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an Agency, Defendant-Appellee.**

No. 1 CA–UB 214.

Court of Appeals of Arizona, Division 1, Department C.

Nov. 3, 1981.

James R. Banta and Mary L. Banta, in pro. per.

Robert K. Corbin, Atty. Gen. by James A. Tucker, Asst. Atty. Gen., Phoenix, for de-fendant-appellee Arizona Dept. of Economic Sec.

## OPINION

EUBANK, Judge.

This is an appeal from a decision of the unemployment insurance appeals board affirming an administrative disposition determining that the appellants' request for reconsideration of a Notice of Liability Determination was untimely filed and, as a consequence, that the Liability Determination was final. We affirm the board's decision.

On August 5, 1980, the Arizona Department of Economic Security, Unemployment Contributions [hereinafter the Department], sent by certified mail a Notice of Liability Determination to the appellants. In their opening brief, the appellants admitted receiving this notice.

The notice is a form listing several bases for liability, with boxes to be checked to indicate the basis applicable in each case. In the notice sent to the appellants, the box was checked to indicate that the appellants were "Successor to a covered employer: Arthur Murray Dance Studio Acct 0990852 (§ 23–613) A.R.S." In addition, this part of the form informed the appellants that

> [i]n accordance with Sections 23–613 and 23–733, Arizona Revised Statutes, you will be held liable for any unpaid taxes, penalties and interest owed by your predecessor, and the experience rating account of your predecessor will be transferred to you. If any unpaid amounts are now due, a statement showing these amounts will be mailed to you.

The notice included the following notification of appeal rights: "This determination becomes FINAL unless written request for reconsideration is filed within fifteen days of the above date [August 5, 1980]."

The appellants failed to timely file a request for reconsideration. In their opening brief, they admitted that the only reason for this failure was that they did not be-

lieve the notice was intended for them because they did not consider themselves successors to the named covered employer. On February 2, 1981, however, the Department received a letter from the appellants dated January 27, 1981, denying that they were successors to the named covered employer and requesting the Department to consider this denial. The appellants raised no issues as to the untimeliness of this letter or the finality of the Notice of Liability Determination.[1]

The Department treated the letter as a request for reconsideration and referred the matter to the appellate unit. On March 11, 1981, the Chief of Contributions issued a disposition determining that the appellants' request for reconsideration of the August 5, 1980 Liability Determination was untimely and, as a consequence, that the Liability Determination was final. The Department took no further action on the matter.

The appellants timely sought review of this disposition before the unemployment insurance appeals board. In their request for review, they again failed to raise any issue as to the untimeliness of their request for reconsideration or the finality of the Liability Determination. The appeals board affirmed the administrative disposition solely upon the basis that the Liability Determination was final because the appellants' request for reconsideration was untimely. The appellants then brought this appeal pursuant to A.R.S. § 41–1993.

■ Appellants argue, as they did in the Department, that they are not successors to the named covered employer. The appeals board did not consider the merits of the appellants' claim, however, and these arguments are improper on appeal. *See West v. Baker*, 109 Ariz. 415, 510 P.2d 731 (1973).

■ The appellants also argue that their failure to timely request reconsideration was excusable because they were not suc-cessors of the named covered employer. We disagree.

A.R.S. § 23–724(A) provides that a liability determination "shall become final with respect to the employing unit fifteen days after written notice is served personally or by certified mail addressed to the last known address of the employing unit, unless within such time the employing unit files a written request for reconsideration." A.R.S. § 23–643(A) permits an extension of this time limit if but only if "the party establishes to the satisfaction of the department that the failure to make a timely submission was due to the delay or other action of the United States postal service or its successor." The appellants have not established that their untimely request for reconsideration was the result of post office delay or other action. Their untimeliness, consequently, was inexcusable.

No prior appellate case has interpreted A.R.S. § 23–724(A), but the subsection is unambiguous, and this court must interpret it according to its terms. *See e. g., Members of Board of Education of Pearce Union High School District v. Leslie*, 112 Ariz. 463, 543 P.2d 775 (1975). We therefore hold that a liability determination becomes final fifteen days after written notice is served personally or by certified mail addressed to the last known address of the employing unit, unless within this time the unit files a written request for reconsideration. Our holding is not to be considered a ruling on due process questions because those issues were not raised by the parties.

The appellants have not contended that despite the untimeliness of their request for reconsideration, the appeals board had authority to review the merits of their claim. We therefore do not address this argument. *See e. g., DeElena v. Southern Pacific Co.*, 121 Ariz. 563, 592 P.2d 759 (1979). We observe, however, that A.R.S. § 23–724(C) appears to provide the board with this au-

---

1. The appellants' letter refers to a January 6, 1981 Department of Economic Security form letter, which is not of record.

thority. That subsection provides as follows.

    C. *Notwithstanding any other provision of law*, the director or appeals board may at the request of an employing unit or on the director's or the appeals board's own motion, initiate hearings to obtain information and require a hearing officer to hold hearings and issue recommendations as to whether an employing unit constitutes an employer .... Upon written request and submission of pertinent information, *the department may, in its discretion, reconsider a determination*, reconsidered determination or decision *which has become final.* Upon written request and submission of pertinent information, the department shall consider whether a determination, reconsidered determination or decision which has become final should be revised or reversed as to future time periods, wages or services, and the provisions of this section shall apply to the decision made. (Emphasis added).

    The only issue before this court, however, is whether the appeals board correctly concluded that the August 5, 1980 Liability Determination was final. Because uncontradicted evidence supports the board's finding that the appellants failed to request reconsideration of this notice within fifteen days after it was sent to them by certified mail, the board correctly concluded that the Liability Determination was final.

    For the foregoing reasons, the decision is affirmed.

FROEB, P. J., and HAIRE, J., concur.