[No. 13967-1-III.  Division Three.  April 18, 1996.]

FRED W. DEN BESTE, ET AL., *Respondents*, v. THE POLLUTION CONTROL HEARINGS BOARD, ET AL., *Defendants*, CONFEDERATED TRIBES AND BANDS OF THE YAKIMA INDIAN NATION, *Appellants*.

Jack W. Fiander, Cindy Shapiro, and Michael Bauer of Yakima Indian Nation Office of Legal Counsel, for appellants.

G. Scott Beyer and Menke, Jackson & Beyer; Charles W. Lean; John S. Moore, Jr. and Velikanje, Moore & Shore, Inc., P.S.; Donald H. Bond and Halverson & Applegate, P.S.; Mark R. Fortier and Mark R. Fortier, P.S.; and Christine O. Gregoire, Attorney General, and Martha Joan Messex Casey, Assistant, for respondents.

THOMPSON, J. — The Yakima Indian Nation appealed 43 Department of Ecology (Department) decisions to the Pollution Control Hearings Board (PCHB). The decisions permitted various applicants to withdraw groundwater in the Black Rock, Moxee and Rattlesnake Ridge areas around Yakima. Motions by several applicants to dismiss the appeals as untimely were denied by the PCHB and the applicants appealed to Yakima County Superior Court. After the superior court reversed the PCHB, the Yakima Indian Nation commenced this appeal. We reverse the superior court and remand to the PCHB for further proceedings.

## FACTS

With limited exceptions, facts pertinent to the review of administrative proceedings are established at the administrative hearing. RCW 34.05.558; *Waste Man-*

*agement of Seattle, Inc. v. Utilities & Transp. Comm'n*, 123 Wn.2d 621, 632-33, 869 P.2d 1034 (1994). Accordingly, the facts relevant to this appeal are taken from the unchallenged PCHB findings of fact.

Between 1980 and 1993, the 43 individual applicants whose decisions are at issue submitted groundwater applications to the Department. In accordance with Department policy, the Yakima Indian Nation was notified of these applications.

The Department did not immediately grant or deny the applications. It undertook to investigate the condition of the groundwater bodies from which the appropriations were sought. It also conducted public meetings and accepted comments from interested parties, including the Yakima Indian Nation. Specifically, the PCHB found the Yakima Indian Nation participated in the administrative proceedings as follows:

On June 4, 1992, representatives of the Yakima Indian Nation attended a public meeting convened by the Department. In early 1993, Thomas E. Ring, a hydrogeologist for the Yakima Indian Nation, prepared a "Review of Literature Pertinent to Impacts of Further Groundwater Development, Black Rock-Moxee Study Area, Washington" (Literature Review). The Literature Review was prepared in response to the Department's "Black Rock-Moxee Valley Groundwater Study."

On March 18, 1993, the Yakima Indian Nation attended another meeting convened by the Department in connection with the applications. On May 28, the technical staffs of the Department and the Yakima Indian Nation met and discussed Black Rock-Moxee hydrogeology and the groundwater applications. On June 4, the Yakima Indian Nation wrote the Department and expressed appreciation for the "frank technical exchange" on May 28. Thirty-seven copies of Mr. Ring's Literature Review were provided for inclusion in the 37 Black Rock-Moxee ap-

plications. Copies of the Department's decisions were requested.[1]

The groundwater applications at issue were approved by the Department during May, June and July, 1993. The orders of approval were mailed to the applicants on the day of issue, but copies for the Yakima Indian Nation were set aside by the Department for later mailing. When several orders were accumulated, they were sent to the Yakima Indian Nation in one envelope. One envelope was mailed on June 7; another on July 7. The Yakima Indian Nation received the first envelope on June 17 and the second on July 7.

On July 19, the Yakima Indian Nation filed appeals from the orders mailed on June 7 and received on June 17. On July 19, August 4, and August 5, the Yakima Indian Nation filed appeals from those orders mailed on July 7 and received on July 7. The appeals were consolidated. Applicants then moved for dismissal of the appeals as untimely.

The PCHB determined that RCW 43.21B.230 established a 30-day appeal period which commenced on the date the Yakima Indian Nation received copies of the Department's orders. Further, pursuant to administrative rule, in those instances where the 30th day fell on Saturday, both Saturday and Sunday were excluded in computing the appeal period.

The superior court determined the 30-day appeal period established in RCW 43.21B.230 commenced on the date the Department issued its orders, not when the Yakima Indian Nation received them. It further determined the appeal period was not tolled until the orders were mailed to the Yakima Indian Nation because the Yakima Indian Nation was not legally entitled to notice. The superior court remanded the matter to the PCHB with instructions

---

[1] Of the 37 applications listed in the Yakima Indian Nation letter, the PCHB found that 12 were among the 43 applications appealed to the PCHB.

to dismiss any appeal filed more than 30 days from the date appearing on the face of the order.

## ISSUES PRESENTED

Two questions are presented in this appeal. First, for purposes of determining the timeliness of an appeal under RCW 43.21B.230, when does the 30-day appeal period commence? Second, if the last day for filing an appeal under RCW 43.21B.230 falls on Saturday, are both Saturday and Sunday excluded from the calculations?

## COMMENCEMENT OF APPEAL PERIOD

Statute and Implementing Rule. RCW 43.21B.230 governs appeals of Department decisions to the PCHB. It states in pertinent part:

> Any person having received notice of a denial of a petition, a notice of determination, notice of or an order made by the department may appeal, within thirty days from the date of the notice of such denial, order, or determination to the hearings board.

WAC 371-08-080(1), adopted by the PCHB to implement RCW 43.21B.230, states:

> Unless provided otherwise by law, the notice of appeal shall be filed within thirty days from the date the copy of the order or decision of the agency was communicated to the appealing party.

■ Under the Administrative Procedures Act (APA), the construction of a statute is a question of law reviewed de novo under the error of law standard. RCW 34.05.570(3)(d); *City of Pasco v. Public Employment Relations Comm'n*, 119 Wn.2d 504, 507, 833 P.2d 381 (1992).

Contentions. Applicants contend that under RCW 43.21B.230, the appeal period commences on the date on the order; that is, the date the Department issues the or-

der. They cite as authority former RCW 70.94.222,[2] persuasive by analogy, and contend the need for certainty and finality of orders requires that the appeal period commence when an order is issued.

The Department contends the appeal period commences when the Department mails its order to the applicants, which is the same day the order is issued.[3] The Department contends the Yakima Indian Nation was not sent copies of the orders on the day they were issued because it was not legally entitled to notice.

The Yakima Indian Nation contends the appeal period commences upon receipt of an order or notice by the appealing party, and the statute and rule as construed by the PCHB are consistent with each other.

Statute Ambiguous. It is apparent from the statutory language, the conflicting interpretations urged by the parties, and the diametrically opposite conclusions reached by the superior court and the PCHB, that RCW 43.21B.230 is ambiguous. It states that any person receiving an order may appeal within 30 days of the "date of the notice of such . . . order . . . ." If an appellant is mailed a copy of the order, does the "date of the notice of such . . . order" equate to when the order was mailed? Does it equate to when the order was received? Does the statute require the filing of an appeal within 30 days of the date on the order? If the latter, is the appeal period tolled until the Department mails a copy of the order to the appealing party? Can a person be denied the right to appeal altogether if the Department fails to mail an order within 30 days of its entry or neglects to mail the order at all?

---

[2]Former RCW 70.94.222 was repealed in 1995. It governed appeals from certain orders of the boards of regional air pollution control authorities. It stated: "Any order issued by the board after a hearing shall become final unless not later than thirty days after the issuance of such order, a petition requesting judicial review is filed in accordance with the provisions of chapter 34.05 RCW. . . ."

[3]At the administrative hearing, the Department argued that the 30-day appeal period commenced on the date it mailed the orders to the applicants, not to the Yakima Indian Nation, and therefore 42 of the 43 appeals were untimely.

■ The goal of statutory construction is to give effect to legislative intent. *City of Yakima v. International Ass'n of Fire Fighters, Local 469*, 117 Wn.2d 655, 669, 818 P.2d 1076 (1991). If the statutory language is amenable to more than one construction, legislative history and other aids to construction are utilized. In this instance, there is no legislative history to assist in construing the statute.

■ Based on the statutory language, there are two interpretations which appear reasonable. One is that notice is provided and communicated on the date the notice or order is mailed, and therefore the appeal period commences on mailing. The other is that notice is provided and communicated upon receipt of such notice or order, and therefore receipt of the notice or order commences the appeal period. We conclude that RCW 43.21B.230 is most appropriately interpreted to require filing of an appeal within 30 days of the date the notice or order is mailed to the appealing party. Our interpretation is consistent with the general APA provision which states that, for purposes of appeal, the service of an order is complete when the agency mails the order to the parties as evidenced by the postmark. RCW 34.05.542(2), (4).

The Yakima Indian Nation contends the date of receipt is the most equitable and reasonable commencement date for filing an appeal because it safeguards interested parties who might lose their right to appeal due to inadvertent or intentional mailing delays. Although this contention is a persuasive argument against using the date *on* the notice or order as the commencement date, it does not constitute an argument against using the date of mailing of the notice or order. Using the date of receipt to commence an appeal period would generate a morass of problems in legal interpretation and certainty. Although there appears to be no disagreement as to the dates of receipt in this case, the date of receipt of a mailed document is imprecise and unpredictable.

By using the mailing date, the applicants' contention, that any person could appeal any order within 30 days

from when they happened to find out about it, would be unpersuasive because as the PCHB determined only those parties who participate in the process are entitled to have orders mailed to them by the Department. Further, applicants and other aggrieved parties could always challenge an appealing party's standing to appeal. The date of mailing will also provide a date certain. Although an exception would arise if the Department failed to send notice to a potential appellant or if it delayed notice beyond what would otherwise be the appeal period, that would also be a drawback to selecting the date of receipt as the beginning of the appeal period.

If the Legislature had intended the appeal period to commence on the date *on* the order or *on* the notice, it is unlikely it would have selected the word "of." Further, if the date on the notice or order were used as the beginning of the appeal period, the Department would be in a position to shorten the appeal period unreasonably or even eliminate a person's appeal rights by delay or failure to send out the notice or order. This is a more serious concern than extending the appeal period through administrative inadvertence.

Our construction of RCW 43.21B.230 is not necessarily inconsistent with WAC 371-08-080, notwithstanding the construction of the rule by the PCHB. When the phrase "notice of" is taken to mean "notification of" rather than referring to a piece of paper constituting the formal notice, the statute fits nicely with the conceptual framework of the rule, which deals in the language of communication. Although the term "communicated" has several meanings in everyday speech, one common meaning does not depend upon receipt of the communication, a date which is ordinarily not even known.

We turn next to the contention by the Department and the applicants that, contrary to the conclusion reached by the PCHB, the Yakima Indian Nation was not entitled to notice of or copies of the orders at issue.

■ As previously noted, RCW 43.21B.230 provides that

"[a]ny person having received . . . notice of or an order . . . may appeal . . . ." We do not construe this statute to confer standing on a party simply because they receive notice of a Department decision. The statute is limited in its scope to establishing the timeliness of an appeal. Thus a person who requests and receives notice of a Department decision, but who is not an interested party aggrieved by that decision, is not conferred standing to challenge the decision simply because the Department has mailed a notice. Conversely, an aggrieved party who has participated in an administrative proceeding is not denied the right to appeal simply because the Department failed to mail a notice of the decision to it. In this regard, we do not find *Citizens for Clean Air v. City of Spokane*, 114 Wn.2d 20, 29, 785 P.2d 447 (1990), cited to us by applicants, persuasive.[4]

■ We are perplexed by the Department's contention that it was not obligated to mail copies of the orders to the Yakima Indian Nation. It is apparent from the administrative record that the Yakima Indian Nation was concerned about the groundwater applications. Such concern was expressed by its attending public and private meetings and by submitting written input to the Department. Whether the Yakima Indian Nation is characterized as a "participant," an "interested party," a "potentially aggrieved party," or simply a "party" is of no consequence. Further, as stated by applicants, because the Department is prohibited by RCW 43.21B.240 from conducting adjudicative proceedings on water rights applications, it is not possible for anyone, except perhaps an applicant, to become a "party" to these proceedings in the traditional sense. Finally, as the PCHB noted, the APA defines a

---

[4]In *Citizens*, the issue arose as to whether appellants had exhausted their administrative remedies. The appellants contended they were excused from following administrative appeal procedures because they had not received notice of the administrative decision they wanted to appeal and the statutes governing appeals were not clear. There was no appeal ordinance or statute in *Citizens* comparable to RCW 43.21B.230 and, unlike the appellants in *Citizens*, notice of the decisions appealed were mailed to appellants by the agency.

party to include persons allowed to "participate as a party in the agency proceeding." RCW 34.05.010(11)(b). We agree with the PCHB that, given its degree of participation, the Yakima Indian Nation was entitled to timely notice of the Department's decision.

Finally, as the applicants and Department contend, the Yakima Indian Nation could have called the Department and inquired about the decisions. However, given the level of participation by the Yakima Indian Nation, and the language of RCW 43.21B.230, it would be unreasonable to have required it to call the Department to ascertain if one or more of the 43 decisions had been rendered.

## EXPIRATION OF APPEAL PERIOD

The remaining issue is whether Saturday and Sunday are excluded from the 30-day appeal period when the last day for filing falls on Saturday.

RCW 1.12.040 reads as follows:

> The time within which an act is to be done, as herein provided, shall be computed by excluding the first day, and including the last, unless the last day is a holiday or Sunday, and then it is also excluded.

WAC 371-08-235 reads as follows:

> The time within which any act shall be done, as provided by these rules, shall be computed by excluding the first day and including the last, unless the last day is Saturday, a Sunday, or a legal holiday, and then it is excluded and next succeeding day which is neither a Saturday, a Sunday, nor a legal holiday, is included.

█ The PCHB excluded Saturday and Sunday from the calculations. It is clear that RCW 1.12.040 and WAC 371-08-235 are inconsistent. Had the Legislature intended to exclude Saturday, as well as Sunday and holidays, it would have so provided. The statute is not ambiguous.

The Yakima Indian Nation calls our attention to *Stikes*

*Woods Neighborhood Ass'n v. City of Lacey*, 124 Wn.2d 459, 880 P.2d 25 (1994). The issue in *Stikes* was whether final Saturdays were included for purposes of determining if a writ of review was timely when a statute, RCW 1.12.040, and court rule, CR 6(a), were in conflict. RCW 1.12.040, set forth above, provides that final Saturdays are to be included. CR 6(a), on the other hand, excludes final Saturdays from the computation of statutory limitations periods.

*Stikes* held that CR 6(a) superseded RCW 1.12.040. The Supreme Court reasoned that because it had the authority to decide its procedural jurisdiction under RCW 2.04.190, it was not encroaching upon legislative power in enforcing CR 6(a) notwithstanding RCW 1.12.040. Further, it was interpreting the statute and rule to effect the "legislative purpose and intent behind RCW 1.12.040; that is, to provide the greatest degree of fairness to claimants." *Stikes* 124 Wn.2d at 465.

WAC 371-08-235 is also fundamentally procedural. However, it is not a court rule, and we lack authority to extend the holding of *Stikes* in this case. We agree that the exclusion of Saturdays would provide the greatest degree of fairness to an appealing party because the PCHB is closed on Saturdays. However the exclusion must be made by the Legislature, not this court. We therefore hold that given the language of RCW 1.12.040, final Saturdays must be included in the time calculation. The provision in WAC 371-08-235 to the contrary is of no force and effect.

We reverse the superior court and remand to the PCHB for further proceedings in accordance with this opinion.

SWEENEY, C.J., and MUNSON, J., concur.