985 P.2d 1032

**ARIZONA STATE BOARD OF REGENTS on behalf of ARIZONA STATE UNIVERSITY, Television Station KAET, Charles Allen, Beth Vershure and Michael Wong, Plaintiffs–Appellees,**

v.

**ARIZONA STATE PERSONNEL BOARD; Anna Foster, Judy Barrett, Bill Bonnell, Hank Suverkrup, and Bill DeLong in their official capacity as Members of the Personnel Board, Defendants,**

Camille Kimball, Defendant–Appellant.

No. CV–98–0237–PR.

Supreme Court of Arizona,
En Banc.

Oct. 4, 1999.

Paul J. Ward, General Counsel, Tempe Mary C. Stevens, Office of General Counsel Arizona State University and Cohen Kennedy Dowd & Quigley, P.C., Phoenix, By Ronald Jay Cohen, Daniel G. Dowd, Attorneys for Arizona State Board of Regents, Arizona

State University, KAET, Charles Allen, Beth Vershure and Michael Wong.

Sundberg & Mousel, Phoenix, By Craig L. Mousel Attorneys for Arizona State Personnel Board, Anna Foster, Judy Barrett, Bill Bonnell, Hank Suverkrup and Bill DeLong.

Jeffrey F. Arbetman and Lubin & Enoch, P.C., Phoenix, By Stanley Lubin Attorneys for Camille Kimball.

Rogers & Whalen, Phoenix, By Thomas M. Rogers Donna H. Whalen, Attorneys for Amicus Curiae Arizona Chamber of Commerce.

## O P I N I O N.

MARTONE, Justice.

¶ 1 We granted review to decide whether the Administrative Procedure Act allows an agency to exempt itself from the rights to counsel and subpoena contained in A.R.S. § 41–1062 (1992). We hold that it does not.

### I.

¶ 2 In May 1994, Camille Kimball, an employee of public television station KAET, a department of Arizona State University, complained to the United States Department of Labor that Arizona State University failed to properly pay her for overtime. In December 1994, believing that Arizona State University had taken reprisal against her for complaining to the Department of Labor, Kimball filed a complaint with the State Personnel Board under A.R.S. § 38–532(H) and A.R.S. § 41–782(B), alleging reprisal in violation of the state Whistleblower Protection Act, A.R.S. § 38–531 *et seq.* She also filed a grievance with Arizona State University alleging violations of the University's own Whistleblower Protection Policy.

¶ 3 Arizona State University moved to dismiss the complaint under § 38–532 before the State Personnel Board for the reason that § 38–533 expressly makes the whistleblower statute inapplicable to claims against a state university that has its own rule for the protection of employees from reprisal for the disclosure of information to a public body. Because the Personnel Board denied the motion, the Board of Regents, on behalf

of Arizona State University, filed a special action in the superior court contending, among other things, that the Board lacked jurisdiction because of the express exemption contained in § 38–533. Kimball claimed that the exemption did not apply because Arizona State University's grievance procedure was insufficient, even to the point of violating due process. The superior court concluded that the exemption did apply and that Kimball's due process claims were not yet ripe for adjudication. The superior court therefore ordered the State Personnel Board to dismiss Kimball's whistleblower complaint and ordered Arizona State University to proceed with a hearing on Kimball's grievance under the University's own Whistleblower Protection Policy.

¶ 4 The court of appeals affirmed, holding that Arizona State University's policy was sufficient to qualify for the exemption under A.R.S. § 38–533. It also held that Arizona State University's grievance procedure complied with A.R.S. § 41–1062, even though it severely limited the right to counsel and denied the right to subpoena witnesses. *Board of Regents v. Personnel Board,* 191 Ariz. 160, 953 P.2d 904 (App.1996).

¶ 5 Because we agreed with the court of appeals that § 38–533 expressly exempts Arizona State University from whistleblower complaints brought before the State Personnel Board, we denied Kimball's petition for review on that issue. Because we disagreed with the court of appeals' conclusion that § 41–1062 allows an agency to exempt itself from the right to counsel and subpoena provisions of the statute, we granted review on that portion of Kimball's petition for review. *See* Rule 23(c)(3), Ariz. R. Civ.App. P.

### II.

¶ 6 A.R.S. § 41–1005(D) exempts the Board of Regents from specific articles of the Administrative Procedure Act, but not article 6, of which A.R.S. § 41–1062 is a part. Therefore, we agree with the court of appeals that § 41–1062, providing for hearings in adjudicative proceedings, is fully applicable to the Board of Regents.

¶ 7 Under A.R.S. § 41–1062(A)(1), "[e]very person who is a party to such proceedings shall have the right to be represented by counsel, to submit evidence in open hearing and shall have the right of cross-examination." And, A.R.S. § 41–1062(A)(4) provides that the officer presiding at the hearing may issue subpoenas for the attendance of witnesses.

¶ 8 But Arizona State University adopted rules to the contrary. Its grievance policy 902 states that "[n]either the [American Arbitration Association] nor the hearing officer have [sic] subpoena authority to compel the attendance of witnesses or production of documents." And although it allows grievants to retain counsel, it expressly prohibits them from participating during the hearing: "[a]dvisors may not participate or provide testimony during the hearing."

¶ 9 Administrative agencies have no common law or inherent powers—their powers are limited by their enabling legislation. *Kendall v. Malcolm*, 98 Ariz. 329, 334, 404 P.2d 414, 417 (1965). Thus, if an agency rule conflicts with a statute, the rule must yield. *See, e.g., Health Care Cost Containment Sys. v. Bentley*, 187 Ariz. 229, 232, 928 P.2d 653, 656 (App.1996); *Schwartz v. Superior Court*, 186 Ariz. 617, 619, 925 P.2d 1068, 1070 (App.1996); and, *Dioguardi v. Superior Court*, 184 Ariz. 414, 417, 909 P.2d 481, 484 (App.1995).

¶ 10 The court of appeals recognized this but concluded that Arizona State University's grievance policies controlled over the contrary provisions of § 41–1062 because that section is prefaced by "[u]nless otherwise *provided by law*." A.R.S. § 41–1062(A) (emphasis added). It ruled that the inconsistent grievance policies were "law" within the meaning of § 41–1062(A), because § 41–1001(15) defines "provision of law" to include the rule of an administrative agency, and § 41–1001(17) defines "Rule" to include "an agency statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of an agency."[1] In short,

the court of appeals equated the "unless otherwise provided by law" language of § 41–1062 with the "provision of law" language of § 41–1001(15).

¶ 11 But a close examination of the text of § 41–1062 reveals that the words "provided by law" and "provision of law" are not interchangeable. The words "provision of law" are words of art precisely defined to include an agency rule. The words "provision of law" are used throughout Title 41 whenever reference is made to the whole body of law including the federal or state constitutions, federal or state statutes, rules of court, executive orders, or rules of an administrative agency. When the legislature intended this universe of law to be applicable, it expressly used the words "provision of law." *See, e.g.,* A.R.S. § 41–1002(C), § 41–1004, and § 41–1029(C).

¶ 12 On the other hand, the words "provided by law" are used in § 41–1062 to expressly exclude agency rules. For example, § 41–1062(A) uses the words "provided by law." So, too, does subsection A(1). But subsection A(4), uses the words "provided by law or agency rule," "provided by law," "provisions of law," "provided by law or agency rule," and "provided by agency rule." If the words "provided by law" were meant to include agency rules, then the legislature would not have used the words "provided by law or agency rule" or the words "provided by agency rule" in § 41–1062(A)(4). In short, the legislature used "provided by agency rule" when specifically referring to agency rule, "provided by law" when specifically referring to all other law including statutes, and "provided by law or agency rule" when referring to both. The court of appeals thus erred in equating the words of art "provision of law" with the words "provided by law." That construction would allow an agency to except itself right out of the entire hearing procedure of § 41–1062, not just the right to counsel and right to subpoena provisions. Yet under A.R.S. § 41–1002(C), while an agency may grant rights in addition to

---

1. A.R.S. § 41–1001(15) was formerly numbered § 41–1001(16). A.R.S. § 41–1001(17) was for- merly numbered § 41–1001(18).

those provided by the Administrative Procedure Act, it may not diminish rights conferred by any "provision of law," which includes the Administrative Procedure Act.

¶ 13 We hold that because the words "[u]nless otherwise provided by law" in § 41–1062(A) do not include agency rules, the University's grievance procedures with respect to counsel and subpoena must yield to the right to counsel, including the right to cross-examine, and the right to subpoena contained in A.R.S. § 41–1062(A). The language of § 41–1062 that refers not only to representation but also to the right to cross-examine means that a lawyer acting on behalf of a party must be able to participate fully at the hearing. We thus do not reach Kimball's substantial argument that the constitution itself requires full participation by a lawyer at the hearing. *See Forman v. Creighton School District No. 14,* 87 Ariz. 329, 351 P.2d 165 (1960).

### III.

¶ 14 We vacate the opinion of the court of appeals. We affirm that part of the judgment of the trial court that ordered the State Personnel Board to dismiss Kimball's complaint. We reverse that part of the trial court's judgment that holds that Arizona State University's grievance policy with respect to counsel and subpoena controls over A.R.S. § 41–1062. Instead, Arizona State University shall proceed with the hearing of Kimball's grievance under § 41–1062 in accordance with this opinion.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice, RUTH V. MCGREGOR, Justice.