133 P.3d 1163

FREELANCE INTERPRETING
SERVICES, INC., Plaintiff/Appellant,

v.

STATE of Arizona, DEPARTMENT
OF ECONOMIC SECURITY,
Defendant/Appellee.

No. 1 CA–TX 05–0005.

Court of Appeals of Arizona,
Division 1, Department T.

May 9, 2006.

Law Offices of James Burr Shields By James Burr Shields, II, W. Blake Simms, Phoenix, Attorneys for Plaintiff/Appellant.

Terry Goddard, Attorney General By Samantha E. Blevins, Assistant Attorney General, Phoenix, Attorneys for Defendant/Appellee.

## OPINION

BARKER, Judge.

¶ 1 Freelance Interpreting Services, Inc. ("Freelance") appeals from the Arizona Tax Court's judgment affirming an Arizona Department of Economic Security (the "ADES" or "Department") Appeals Board determination dismissing Freelance's administrative appeal as untimely. We address a number of issues relating to time computations for administrative appeals before the Department. For the reasons that follow, we affirm.

### Facts and Procedural History

¶ 2 Freelance is an Arizona corporation providing certified sign-language interpreters for the hearing-impaired. According to Freelance, the company is a referral agency and has operated in Arizona for more than twenty years.

¶ 3 Following an unemployment tax audit, the ADES issued two determinations on January 26, 1999 regarding Freelance (the "January 26 Determinations"). The first was a Determination of Unemployment Insurance Liability based on Freelance's gross payroll. The second was a Determination of Liability for Employment finding that the services that interpreters and officers provided for Freelance constituted employment. The January 26 Determinations, which Freelance received, stated that they would become final within fifteen days of the date of determination.

¶ 4 In a letter dated February 11, 1999, Freelance requested reconsideration of the employment determination. The request bore a postmark of February 12, 1999, which was seventeen days after the January 26 Determinations were issued.[1] The request for reconsideration addressed only account number 2721440 and did not mention another account number that was listed on a separate erroneous determination issued to Freelance on January 28, 1999 (the "January 28 Determination").

¶ 5 On March 11, 2003,[2] the Department ruled that the January 26 Determinations were final and binding because Freelance had failed to file its motion within fifteen days. Freelance then petitioned for a rehearing before the Appeals Board, contending that it had relied upon the erroneous January 28 Determination.

¶ 6 In a written response, the Department stated that it had forwarded the petition to the Appeals Board and that it had closed the erroneous account and invalidated the January 28 Determination on February 9, 1999. The Department also noted that Freelance had not referred to the erroneous account in its request for reconsideration.

¶ 7 The Appeals Board held a hearing on August 19, 2003 to determine whether Freelance's motion for reconsideration was timely. It found no timely request for reconsideration for either of the January 26 Determinations. The Appeals Board affirmed this decision.

1. Appellant contends that the request for reconsideration was made on February 11, 1999. Even assuming this is true, it does not impact our judgment because it would still be one day late.

2. The March 11, 2003 ruling on the request for reconsideration took place over four years after the request for reconsideration was initially made. In its March 11, 2003 ruling, the Department "apologize[d] for the unforeseen delay in responding to" the request for reconsideration but offered no explanation for the delay. Neither side raises the delay by the Department in ruling on the request as an issue in this case.

¶ 8 Freelance then appealed to the Arizona Tax Court pursuant to A.R.S. § 41–1993(C) (2004). After briefing and oral argument, the tax court affirmed the Board of Appeals decision. This appeal followed.

¶ 9 Because the tax court's order was unsigned, this court suspended the appeal in order for the parties to obtain a signed order. The appeal was reinstated on or about September 30, 2005. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–913 (2003) and 41–1993(D)(3) (2004).

### Discussion

#### I. The Record Provides Reasonable Support for the Tax Court's Ruling.

■ ¶ 10 The parties do not disagree as to the chronology of events; rather, the conflict centers on the meaning and application of A.R.S. § 23–724(A) (1995). We thus review *de novo* the statute's application to the facts before us. *Hampton v. Glendale Union High Sch. Dist.*, 172 Ariz. 431, 433, 837 P.2d 1166, 1168 (App.1992) (Statutory interpretation is a question of law and is reviewed *de novo.*). "[T]his court is free to draw its own conclusions in determining if the [Appeals] Board properly interpreted the law; however, the Board's interpretation of statutes and DES regulations is entitled to great weight." *Baca v. Ariz. Dep't of Econ. Sec.*, 191 Ariz. 43, 45–46, 951 P.2d 1235, 1237–38 (App.1997). Further, "we view the evidence in a light most favorable to upholding the Board's decision and 'will affirm that decision if it is supported by any reasonable interpretation of the record.'" *Id.* at 46, 951 P.2d at 1238.

¶ 11 Section 23–724(A) (Supp.2005) of the A.R.S. provides:

When the department makes a determination, which determination shall be made either on the motion of the department or upon application of an employing unit, that an employing unit constitutes an employer as defined in § 23–613 or that services performed for or in connection with the business of an employing unit constitute employment as defined in § 23–615 which is not exempt under § 23–617 or that remuneration for services constitutes wages as defined in § 23–622, the determination shall become final with respect to the employing unit fifteen days after written notice is served personally or by certified mail addressed to the last known address of the employing unit, unless within such time the employing unit files a written request for reconsideration.

The Arizona Administrative Code ("A.A.C.") elaborates by providing that a request for reconsideration shall be deemed received and filed with the ADES "[i]f transmitted via United States Postal Service or its successor, on the date it is mailed as shown by the postmark...." Ariz. Admin. Code R6–3–1404(A)(1) (1979). The Department was authorized to adopt this rule pursuant to A.R.S. § 41–1954(A)(3) (2004).

■ ¶ 12 The record establishes that Freelance's request for reconsideration was postmarked February 12, 1999, two days after the fifteen-day period had expired. Therefore, the January 26 Determinations were final before Freelance requested reconsideration. As we stated in *Banta v. Arizona Department of Economic Security*, this statute is unambiguous and must be enforced according to its terms. 130 Ariz. 472, 474, 636 P.2d 1254, 1256 (App.1981).

#### II. The Erroneous January 28 Determination Did Not Extend Freelance's Time to Appeal the January 26 Determinations.

■ ¶ 13 Freelance contends that the January 28 Determination, which focused on the issue of gross payroll exceeding $1500, extends the time for reconsideration of the January 26 Determinations and renders its request for reconsideration timely. We disagree.

¶ 14 As a threshold matter, Freelance's request for reconsideration made no reference to the January 28 Determination. At the administrative hearing, the evidence reflected that Freelance had continuously filed all documents and made all reports under the appropriate account number—Employer Account No. 2721440—and had not used the invalid account number. Freelance's sole witness, President Helen Young, did not testify about any account confusion and indicat-

ed that she had delegated the matter to her agent, Anne King. Therefore, we reject this argument.

### III. *Rule 6(e) Does Not Apply to A.R.S. § 23–724(A).*

■ ¶ 15 Although Freelance missed the fifteen-day deadline, it maintains that the request was timely because Rule 6(e) of the Arizona Rules of Civil Procedure engrafts an additional five mailing days for filing the appeal onto the statutory fifteen-day period. Rule 6(e) provides:

> Additional time after service by mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served by mail, five calendar days shall be added to the prescribed period. This rule has no application to the mailing of notice of entry of judgment required by Rule 58(e).

¶ 16 The relevant statute, A.R.S. § 23–724, does not mention a five-day extension under Rule 6(e). It is within the Legislature's authority to provide methods for calculating the time period for appealing an agency's decision. *See* A.R.S. § 1–243(B) (2003) (explaining how to calculate the due date when the appeals period is less than ten days). There is no reason to conclude that the Legislature meant this to be a conditional deadline. In the absence of express language, we see no reason to engraft Rule 6(e) onto the statute. *See Banta*, 130 Ariz. at 474, 636 P.2d at 1256 (holding that A.R.S. § 23–724 is unambiguous and should be strictly enforced).

¶ 17 Moreover, the Department's applicable administrative rule states that "[c]omputation of time shall be made in accordance with and limited to subdivision (a) of Rule 6 of the Rules of Civil Procedure." A.A.C. R6–3–1404(A)(3). The regulation does not mention Rule 6(e) and plainly states that time computation is limited to Rule 6(a).[3] Accordingly, neither the statute nor the administrative rule incorporates Rule 6(e). *See Burton v. Indus. Comm'n,* 166 Ariz. 238, 240, 801 P.2d 473, 475 (App.1990) (applying the principle of statutory construction holding that the expression of one thing implies the legislative intent to exclude other things in the same class).

¶ 18 The terms of Arizona's Rules of Civil Procedure also fail to support Freelance's argument. As the Department points out, Rule 1 provides that the Rules of Civil Procedure "govern the procedure in the superior courts of Arizona in all suits of a civil nature. . . ." Rule 82 directs that the rules "shall not be construed to extend or limit the jurisdiction of superior courts. . . ." Thus, the rules themselves govern superior court procedure and should not be automatically applied to agency procedure.

¶ 19 Freelance invokes several cases to support its interpretation of the statute, but its reliance is misplaced. In *Thielking v. Kirschner,* we applied Rule 6(e) to an appeal of an administrative tribunal's final decision, stating that Rule 6(e) "governs civil proceedings in the superior court." 176 Ariz. 154, 158, 859 P.2d 777, 781 (App.1993). In *Upton v. Cochise County Board of Adjustment, District 1,* 121 Ariz. 238, 239, 589 P.2d 481, 482 (App.1979), we applied Rule 6(a) to extend the thirty-day time period for appeal to the superior court from a county board of adjustment decision so that it expired on a Monday, as opposed to a Saturday. In this case, Freelance is not seeking to apply Rule 6(e) to an appeal to the superior court, but rather to an untimely request to an agency tribunal.

---

**3.** Arizona Rule of Civil Procedure 6(a) provides as follows:

> In computing any period of time prescribed or allowed by these rules, by any local rules, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. When the period of time prescribed or allowed, exclusive of any additional time allowed under subdivision (e) of this rule, is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall not be included in the computation. When that period of time is 11 days or more, intermediate Saturdays, Sundays and legal holidays shall be included in the computation. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday.

¶ 20 Moreover, this case is not akin to *Dioguardi v. Superior Court,* which holds that A.R.S. § 41–1062(B) obliges administrative boards to model rehearing procedures on Rule 59, and thus the Board of Medical Examiners ("BOMEX") could not shorten the fifteen-day period for filing a new trial motion to ten days. 184 Ariz. 414, 417–18, 909 P.2d 481, 484–85 (App.1995). In *Dioguardi,* we expressly rejected the argument that BOMEX was required to follow the model of Rule 6(e) and add five days to the physician's time to appeal following service by mail. *Id.* at 418 n. 2, 909 P.2d at 485 n. 2. Thus, *Dioguardi* supports the Department's argument that it is not required to apply Rule 6(e).

¶ 21 Likewise, *State v. Cabrera* offers no support to Freelance. 202 Ariz. 296, 44 P.3d 174 (App.2002). *Cabrera* held that Rule 6 would not extend the statutory fifteen-day period applicable to the effective date of a driver's license suspension. *Id.* at 299–300, ¶ 14, 44 P.3d at 177–78.

### IV. *Rule 6(e) Does Not Conflict With the Applicable Statute and Regulation.*

■ ¶ 22 Freelance further contends that Rule 6(e) conflicts with § 23–724(A) and displaces it. The Arizona Supreme Court has the power to promulgate rules of procedure. Ariz. Const. art. 6, § 5(5). As a general rule, when a statute conflicts with a procedural rule on a procedural matter, the rule controls. *State ex rel. Napolitano v. Brown,* 194 Ariz. 340, 342, ¶ 6, 982 P.2d 815, 817 (1999); *Pima County v. Hogan,* 197 Ariz. 138, 140, ¶ 8, 3 P.3d 1058, 1060 (App.1999). "Matters of substantive law, however, are controlled by statute or constitutional law." *Hogan,* 197 Ariz. at 140, ¶ 8, 3 P.3d at 1060.

¶ 23 "We must first decide whether there is a conflict between the statute and the rule, recognizing that we attempt to harmonize the two if possible." *Id.* at ¶ 7. The statute is jurisdictional and bars consideration of motions for reconsideration mailed more than fifteen days after the determination date.

A.R.S. § 23–724(A). Under Rule 6(e), the time for filing responsive pleadings in court cases increases by five days when the antecedent document is served by mail.

¶ 24 As explained previously, there is no conflict here between A.R.S. § 23–724(A), Rule 6(e), and the regulation. The statute does not state whether Rule 6 applies. *See* A.R.S. § 23–724(A). For purposes of administrative motions for reconsideration, the Department adopted Rule 6(a) but did not adopt Rule 6(e). A.A.C. R6–3–1404(A)(3).

¶ 25 Freelance maintains that Rule 6 can overrule a conflicting state law (and associated administrative rules) based upon *Salzman v. Morentin,* 116 Ariz. 79, 567 P.2d 1208 (App.1977). In *Salzman,* however, Rule 6(a) trumped and prevented the lapse of a statute of limitations under A.R.S. § 1–243 insofar as it purported to govern procedure in the courts. *Id.* at 80, 567 P.2d at 1209. The instant case does not involve a statute governing procedure in the courts but is directed at the administrative phase of the proceeding and the rules do not automatically extend to contested administrative cases. *See supra* ¶¶ 15–21.

■ ¶ 26 We acknowledge that an administrative rule that diminishes rights in an enabling statute is not valid. *See, e.g., Ariz. State Bd. of Regents ex rel. Ariz. State Univ. v. Ariz. State Pers. Bd.,* 195 Ariz. 173, 175–76, ¶ 12, 985 P.2d 1032, 1033–35 (1999) (holding that an agency may not diminish rights conferred by the Administrative Procedure Act). In this case, however, A.A.C. R6–3–1404(A) does not diminish rights under the statute. Rather, it clarifies those rights and provides that, under Rule 6(a), the opportunity to submit a request for reconsideration will not expire on a weekend or holiday.[4]

¶ 27 Moreover, the purpose of the Employment Security Act is to mitigate the social consequences of unemployment. *See* A.R.S. § 23–601 (1995) (declaring unemployment a "serious menace" that the legislature must address). Grafting Rule 6(e) onto the statute

---

4. The cases Freelance invokes on this point do not deal with Rule 6(e)'s application to A.R.S. § 23–724(A). *See McIntyre v. A.L. Abercrombie, Inc.,* 23 Kan.App.2d 204, 929 P.2d 1386, 1391 (1996); *Den Beste v. State, Pollution Control Hearings Bd.,* 81 Wash.App. 330, 914 P.2d 144, 151 (1996).

to extend the filing period would not advance the expectations of persons expecting employment decisions to be made in a timely manner.

### V. No Good Cause Exception Applies to This Case.

¶ 28 Furthermore, we find no good cause exception to the filing deadline imposed by A.R.S. § 23–724 or the associated regulations. As we stated in *Banta*, the statute is unambiguous and must be enforced according to its terms. 130 Ariz. at 474, 636 P.2d at 1256.

¶ 29 The regulation also fails to support a good cause exception. Under A.A.C. R6–3–1404(B), the Department could accept untimely appeals and requests for reconsideration only if caused by Department error, postal service delay, or delay due to an address change at a time when the individual would have no reason to notify the Department regarding the change. In *Roman v. Arizona Department of Economic Security*, we applied the regulation and held that an unemployed person whose attorney failed to file a petition for review with the ADES Appeal Tribunal within the fifteen-day period could not obtain relief. 130 Ariz. 581, 582–84, 637 P.2d 1084, 1085–87 (App.1981). In construing A.A.C. R6–3–1404(B), we found that it expressed due process guarantees and did not find it to be a good cause exception. *Id.* at 583–85, 637 P.2d at 1086–88. No violation of the regulation was shown and we denied relief. *Id.*

¶ 30 Similarly, in *Wallis v. Arizona Department of Economic Security*, we held that "[w]e must assume that the legislature meant what it said, and therefore [we] hold that where the statutory prerequisites for finality to a [Department] deputy's determination are established, that decision becomes 'final,' unless a timely appeal is perfected." 126 Ariz. 582, 585, 617 P.2d 534, 537 (App.1980). Section 23–724(A) meets this standard because it states that the determination becomes final unless a written request for re-

consideration is filed within fifteen days. Therefore, the evidence supports the finding that Freelance's request was untimely and the January 26 Determinations became final.[5]

### Conclusion

¶ 31 We affirm the superior court's decision in all respects. In addition, we deny Freelance's request for attorneys' fees and costs on appeal.

CONCURRING: MAURICE PORTLEY, Presiding Judge and JON W. THOMPSON, Judge.

---

5. We decline to consider Freelance's estoppel argument because it was not raised in the superior court. *See Hawkins v. Allstate Ins. Co.*, 152 Ariz. 490, 503, 733 P.2d 1073, 1086 (1987) (hold-

ing that it is within the discretion of the appellate court whether to consider issues raised for the first time on appeal).