NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

LILLIAN ROBLES, *Appellant*,

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an Agency,

and

TUCSON CUSTOM APPAREL, INC., *Appellees*.

Nos. 1 CA-UB 21-0221, 1 CA-UB 21-0222, 1 CA-UB 21-0223
CONSOLIDATED
FILED 2-21-2023

Appeal from the A.D.E.S. Appeals Board
Nos.  U-1697152-001-B, U-1697155-001-B, U-1697157-001-B

**REVERSED**

COUNSEL

MayesTelles, PLLC, Phoenix
By J. Blake Mayes, Kaitlin DiMaggio
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee DES*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann[1] delivered the decision of the court, in which Presiding Judge Maria Elena Cruz and Judge Angela K. Paton joined.

---

**S W A N N**, Judge:

¶1          Lillian Robles appeals from an Arizona Department of Economic Security ("ADES") Appeals Board's determination that Tucson Custom Apparel, Inc. ("Employer") timely appealed and that she did not have good cause for quitting. For the following reasons, we reverse the Appeals Board's determination that Employer timely appealed, and the Deputy's Determination remains final.

## FACTS AND PROCEDURAL HISTORY

¶2          Lillian worked as a manager of Employer's store. Yolanda Carr and Adrian Fernandez co-owned the store. On October 19, 2020, Lillian arrived late to work because she had to help her three children log in to computers for school. Lillian called ahead to tell the store associates that she was running late; but upon arriving at the store, she alleges that Yolanda screamed at her for being late and threw objects. Yolanda told Lillian, "This will not happen again. You will call us and let us know that you're . . . late." After completing her shift that evening, Lillian texted Yolanda and Adrian, "Thank you for the opportunity, as of today I am resigning. I wish you the best." Later, Lillian applied for unemployment benefits.

---

[1]          Judge Peter B. Swann was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective November 28, 2022. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to Arizona Revised Statutes ("A.R.S.") section 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Swann as a *judge pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and the period during which his vacancy remains open and for the duration of Administrative Order 2022-162.

¶3          Initially, an ADES Deputy found that Lillian qualified for unemployment benefits.   The Deputy's Determination, mailed on November 12, 2020, stated that it would become final "unless a written appeal is filed . . . within 15 calendar days after the mailing date."  ADES also mailed a letter to Employer on November 13, 2020, that stated Employer would not be considered an interested party in the matter because Employer had not signed and returned a letter mailed on October 19, 2020, within ten days.   This decision also had to be appealed by Employer within fifteen days from the mailing date.

¶4          ADES mailed both letters to Employer's correct address. Yolanda contends that despite checking the store's mailbox in November and December, she did not find either letter until January 12, 2021.  She mailed a letter appealing both decisions, postmarked on January 15, 2021.

¶5          The Appeal Tribunal held a telephonic hearing on February 26, 2021, and Lillian, Yolanda, and Adrian testified.  The Tribunal first found that Employer timely appealed the Deputy's decision to award Lillian unemployment benefits because Employer filed the appeal within fifteen days of the Determination's delivery.  The Tribunal also found that Employer timely appealed the Deputy's Determination that Employer would not be considered an interested party.  Lastly, the Tribunal found that Lillian quit without good cause, which disqualified her from receiving unemployment benefits.  The Appeals Board affirmed all three Tribunal decisions.

¶6          Lillian timely requested judicial review by this court, and we granted her applications for appeal.  We accepted jurisdiction under A.R.S. § 41-1993 and consolidated the applications for appeal.

**DISCUSSION**

¶7          We view the evidence in a light most favorable to affirming the Board's decisions and will affirm if any reasonable interpretation of the record supports the decisions.  *Baca v. Ariz. Dep't of Econ. Sec.*, 191 Ariz. 43, 46 (App. 1997).  We accept the Board's findings of facts "unless they are arbitrary, capricious, or an abuse of discretion."  *Avila v. Ariz. Dep't of Econ. Sec.*, 160 Ariz. 246, 248 (App. 1989).  However, we review de novo whether the Board "properly applied the law to the facts before it."  *Bowman v. Ariz. Dep't of Econ. Sec.*, 182 Ariz. 543, 545 (App. 1995).

¶8          A Deputy's Determination shall become final unless one of the parties filed a request for reconsideration within fifteen days of the Determination's mailing.  A.R.S. § 23-773(B); A.A.C. R6-3-1503(A).  When

the party mails an appeal via the United States Postal Service ("USPS"), the appeal is considered filed on the date shown by the postmark. A.A.C. R6-3-1404(A)(1). An untimely appeal will be considered timely if it was due to: (1) "[d]epartment error or misinformation," (2) "delay or other action of the [USPS]" (the "postal service exception"), or (3) "when the delay submission was because the individual changed his mailing address at a time when there would have been no reason for him to notify the Department of the address change." A.A.C. R6-3-1404(B). The party submitting the late appeal must establish one of the exceptions to the "satisfaction of the Department." *Id.*

¶9　　　　The three exceptions listed in A.A.C. R6-3-1404(B) serve to preserve the parties' due process guarantees and do not constitute good cause exceptions. *Freelance Interpreting Servs., Inc. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 457, 462, ¶ 29 (App. 2006); *see also Wallis v. Ariz. Dep't of Econ. Sec.*, 126 Ariz. 582, 585 (App. 1980) ("We must assume that the legislature meant what it said . . . ."). Thus, no other exceptions for untimely appeals can be read into the regulation. *See Freelance Interpreting Servs., Inc.*, 212 Ariz. at 462, ¶ 29.

¶10　　　　Lillian contends that the Board erred in finding that Employer's late appeal met the postal service exception. The Board stated that the "Tribunal implicitly found the Employer's testimony credible" and sufficient to establish the postal service exception.

¶11　　　　The record does not support the Board's conclusion that Employer established the postal service exception. One store co-owner, Adrian, admitted that it was both store owners' responsibility to check the store's mailbox. Adrian testified that typically the manager, Lillian, checked the mail, so after October 19, no one collected the mail because he did not know the mailbox was located at a retail plaza. Adrian also testified that "[t]he mail wasn't checked for over a month usually." But Yolanda contradicted Adrian's testimony by stating that she knew the mailbox's location and had checked it in November, December, and January. She stated that she did not see the letter until January 12, 2021, and the most recent day she had checked the mailbox was January 4. The bookkeeper continued to pay the bills but told Yolanda that she had not seen the Deputy's letters in the mail.

¶12　　　　Employer offered no proof that any delay in mail delivery was due to USPS error. "[T]here is a strong presumption that a letter properly addressed, stamped and deposited in the United States mail will reach the addressee." *State v. Mays*, 96 Ariz. 366, 367–68 (1964). Adrian

speculated that the mail was "probably taken back" due to the mailbox's small size, and both owners stated the "mail was backed up." But the store still received other mail after October 19 because the bills were timely being paid. Lillian also stated that, while manager, the store's mail did not have any delivery issues, and two other store associates knew about the mailbox. Even if the owners' speculation that USPS withheld mail due to a backup in the mailbox was true, this delay would still be the owners' fault for failing to timely collect the mail. Therefore, the Board erred when it affirmed the Tribunal and found Employer's appeal timely.

¶13        Because Employer did not timely appeal, the Deputy's Determination that Lillian should receive unemployment benefits is final. Therefore, the issue of whether Lillian had good cause to quit is moot.

## CONCLUSION

¶14        For the foregoing reasons, we reverse the Appeals Board's determination that Employer timely appealed, and the Deputy's Determination remains final.



AMY M. WOOD • Clerk of the Court
FILED:    AA