NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DAVID GALAVIZ, *Appellant,*

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an Agency, and
DDD ARIZONA DES, *Appellees.*

No. 1 CA-UB 17-0167
FILED 12-21-2017

Appeal from the A.D.E.S. Appeals Board
No. P-1435466-001-BR

**AFFIRMED**

COUNSEL

David Galaviz, Phoenix
*Appellant*

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Appellee Arizona Department of Economic Security*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

**W I N T H R O P**, Presiding Judge:

**¶1** David Galaviz appeals a final decision of the Arizona Department of Economic Security ("ADES" or "the Department") requiring him to repay $293 in Supplemental Nutrition Assistance Program ("SNAP")[1] benefits erroneously issued to him. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** In September 2013, Galaviz applied for SNAP benefits with ADES. In his written application and again, during interviews with two ADES workers who reviewed the application, Galaviz disclosed that he had a felony drug conviction and had recently been released from incarceration. He also provided ADES with a copy of his judgment of conviction and sentencing order.

**¶3** Although Galaviz' felony drug conviction presumably rendered him ineligible to receive SNAP benefits,[2] ADES preliminarily approved SNAP benefits on an expedited basis. *See* 7 U.S.C. § 2020(e)(9) (2012). In September 2013, Galaviz received $93 in SNAP benefits, and in October 2013, he received $200 in SNAP benefits. After verifying that Galaviz had a 2009 felony drug conviction for possession of narcotic drugs for sale, however, ADES concluded Galaviz was ineligible and stopped providing SNAP benefits.

**¶4** On January 15, 2014, ADES sent Galaviz a Notice for Repayment of a Nutrition Assistance Overpayment, stating that he had

---

[1] SNAP is the Food Stamp Program's successor. *See Food and Nutrition Act of 2008*, 7 U.S.C. §§ 2011 to 2036(b) (2012). The federal government and state agencies jointly administer SNAP. *See, e.g.,* 7 C.F.R. § 273.2(a) (governing how state agencies operate SNAP programs, including application processing). ADES determines eligibility for SNAP applicants in Arizona. *See* des.az.gov (last visited Dec. 15, 2017).

[2] At the time Galaviz applied for SNAP benefits, persons convicted after August 22, 1996, of a drug-related felony having as an element the possession, use, or distribution of a defined controlled substance were categorically ineligible for SNAP benefits in Arizona. *See* 7 C.F.R. § 273.11(m). Effective August 9, 2017, the Arizona Legislature conditionally modified that ineligibility. *See* Ariz. Rev. Stat. ("A.R.S.") § 46-219 (Supp. 2017) (added by 2017 Ariz. Sess. Laws, ch. 323, § 4 (1st Reg. Sess.)).

been overpaid in the amount of $293 and classifying the overpayment as agency error. Galaviz timely appealed the notice, prompting a February 26, 2014 evidentiary hearing.

**¶5**        At the February 26 telephonic hearing, Galaviz acknowledged having received $293 in SNAP benefits. Consequently, the primary issue before the administrative law judge ("ALJ") was whether approval of Galaviz' application on an expedited basis exempted him from repaying the benefits he erroneously received.

**¶6**        On March 21, 2014, the ALJ, applying 7 C.F.R. §§ 273.11(m) and 273.18, affirmed the Notice for Repayment of a Nutrition Assistance Overpayment. The ALJ found Galaviz ineligible for benefits because he had a disqualifying prior felony drug conviction, and further found Galaviz liable for the $293 overpayment after concluding that "the Federal Regulations do not provide an exception from liability for an overpayment [based on errant approval made on an expedited basis]." On March 31, 2014, Galaviz timely sought review of the ALJ's decision.

**¶7**        On June 12, 2014, the ADES Appeals Board affirmed the ALJ's decision, concluding Galaviz had been overpaid in the amount of $293 and was liable for restitution. In explaining its decision, the Appeals Board, citing 7 C.F.R. § 273.18, noted, "The regulations do not make exception for cases in which the overpayment was caused by the Department's error. The regulations also do not make exception for cases in which the [SNAP] benefits were issued to the Claimant on an expedited basis, and they do not provide for the exercise of equitable discretion by the [ALJ]." Galaviz timely requested review of the Appeals Board's decision, and on October 2, 2014, the Appeals Board affirmed its decision upon review.

**¶8**        On October 20, 2014, Galaviz filed a timely application for appeal to this court with the clerk of the Appeals Board. Due to agency negligence and/or malfeasance, ADES did not transmit the application for appeal to this court until February 24, 2017.

**¶9**        On June 1, 2017, this court granted Galaviz' application for appeal and ordered the parties to address (1) whether Galaviz is entitled to a waiver under A.R.S. § 46-213(B) (2017), and (2) whether ADES should be

equitably estopped from collecting any overpayment.[3]    We have jurisdiction over Galaviz' appeal pursuant to A.R.S. § 41-1993(B) (2017).

**ANALYSIS**

**¶10**         Galaviz argues that he did not misrepresent the fact of his felony drug conviction, that he was transparent throughout the process, and that he should not have to repay ADES because ADES' approval of his application for SNAP benefits on an expedited basis should exempt him from repaying the benefits erroneously issued to him.

**¶11**         We view the evidence in the light most favorable to upholding the Appeals Board's decision and will affirm if that decision is supported by any reasonable interpretation of the record. *Baca v. Ariz. Dep't of Econ. Sec.*, 191 Ariz. 43, 45-46 (App. 1997) (citation omitted). However, we review *de novo* whether the Appeals Board properly applied the law to the facts. *Bowman v. Ariz. Dep't of Econ. Sec.*, 182 Ariz. 543, 545 (App. 1995).

**¶12**         In this case, Galaviz' 2009 class two felony drug conviction for possession of narcotic drugs for sale rendered him ineligible for SNAP benefits. *See* 7 C.F.R. § 273.11(m). Further, at the time Galaviz applied for and received SNAP benefits, the Arizona Legislature had not enacted a statute exempting individuals domiciled in Arizona from this exclusion.[4] Accordingly, Galaviz was ineligible for SNAP benefits.

**¶13**         Moreover, ADES' provisional expedited approval of Galaviz' application for SNAP benefits did not exempt him from repaying the benefits he received due to agency error. Nothing in the Federal Regulations requires ADES to provide an exception from liability for an overpayment under the circumstances present here, even if the agency has been grossly neglectful in forwarding an application for appeal to this court. *See generally* 7 C.F.R. § 273.18. Consequently, Galaviz is responsible for repaying the $293 in SNAP benefits that he erroneously received.

---

[3]     Neither Galaviz, appearing *pro se*, nor ADES directly addressed these issues in their briefing.

[4]     *See* Maggie McCarty et al., Cong. Research Serv., R42394, *Drug Testing and Crime-Related Restrictions in TANF, SNAP, and Housing Assistance* 13 (Nov. 28, 2016), located at https://fas.org/sgp/crs/misc/R42394.pdf.

## CONCLUSION

**¶14** We affirm the final decision of the ADES Appeals Board. However, we direct ADES to consider the appropriateness of compromising all or part of the claim under 7 C.F.R. § 273.18(e)(7), which provides that a state agency "may compromise a claim or any portion of a claim if it can be reasonably determined that a household's economic circumstances dictate that the claim will not be paid in three years." *See also* A.R.S. § 46-213(B) ("If there are insufficient assets or resources to justify collection, if the recipient has not obtained assistance or services by intentional misrepresentation or if the overpayment was due to an error on the part of the department of economic security, the department may waive a repayment by the recipient."); *cf.* A.R.S. § 23-787 (Supp. 2017) ("If [employment security] benefits to which a person is not entitled are received without any fault on the person's part and if repayment or deduction from future benefits would be against equity and good conscience, the department may waive all or a portion of the amount overpaid.").



AMY M. WOOD • Clerk of the Court
FILED: AA